## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### ASHLAND DIVISION

IN RE:                                                                      CHAPTER 11

APPALACHIAN FUELS, LLC et al.                                    CASE NO. 09-10343

      DEBTORS

## MOTION FOR AN ORDER TO RETAIN BUNCH & BROCK
## AS BANKRUPTCY ATTORNEYS FOR DEBTORS
## AND NOTICE

Comes James H. Frazier, III, Assignee of the Assignment for the Benefit of the Creditors of

Appalachian Holdings Company, LLC, and the related Debtors,[1] as Debtors and Debtors-in-

Possession in the above-referenced Chapter 11 bankruptcy cases (hereinafter, the "Debtors"), and

by and through James H. Frazier, III, CRO, and hereby move the Court for an order pursuant to Code

§§ 327, 328, 329, 330, 503(b), 504 and 507(a)(1) ("Code") and Rule 2014 of the Federal Rules of

Bankruptcy Procedure ("Bankruptcy Rules") authorizing the Debtors to retain, employ and

compensate W. Thomas Bunch and other attorneys of the law firm of Bunch & Brock, Lexington,

Kentucky, as Bankruptcy Counsel for the Debtors as of the Petition Date and nunc pro tunc to June

18, 2009, and directing that copies of all notices, pleadings and other documents filed in this case

and any and all adversary proceedings be served upon W. Thomas Bunch, Bunch & Brock, P.O. Box

2086, Lexington, Kentucky 40588-2086. In support of this Application, the Debtors state, as

---

[1] To wit, the assignors were Appalachian Holding Company, Inc., and its subsidiaries, Appalachian
Fuels, LLC, Appalachian Coal Holdings, Inc., Appalachian Ventures, LLC, Appalachian Fuels Services,
LLC, Mega Mining, LLC, Appalachian Resources, LLC, Bryant Mining Company, Inc., Appalachian Land
Company, Kanawha Development Corporation, Southern Eagle Energy, LLC, Appalachian Environmental,
LLC, Appalachian Premium Fuels, LLC, and Huff Creek Energy Company (the "Assignors").

follows:

1.      On June 11, 2009 an Involuntary Petition was filed against Appalachian Fuels, LLC and on June 26, 2009 the other Debtors filed their voluntary bankruptcy petitions for relief under Chapter 11 of Title 11 of the United States Code ("Code"). The Debtors are operating their businesses as debtors and debtors-in-possession pursuant to Code §§ 1107(a) and 1108.

2.      This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. Section 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A). The Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. Section 157(b)(1). Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. Sections 1408 and 1409. No request has been made for the appointment of a trustee or examiner, and no committee has been appointed in this case.

### Relief Requested

3.      The Debtors respectfully request the entry of an order authorizing retention, employment and compensation of W. Thomas Bunch and other attorneys at the law firm of Bunch & Brock, Lexington, Kentucky as attorneys ("Bankruptcy Counsel") for the Debtors in these Chapter 11 Cases.

### Basis for Relief Requested

4.      The Debtors have engaged, and desire to retain and employ Bunch & Brock in these Chapter 11 Cases to render legal services relating to the day-to-day bankruptcy administration of this Case and the various bankruptcy issues that arise out of the operation of the Debtors' business operations. The Debtors have selected Bunch & Brock as their Bankruptcy Counsel because of said firm's extensive experience and knowledge in the area of debtors' and creditors' rights. Bunch &

Brock has the necessary background and knowledge to deal with many of the potential bankruptcy issues that arise in Chapter 11 cases, and the Debtors believe that Bunch & Brock is well-qualified to represent it in this case.

5.      Based upon the Affidavit of W. Thomas Bunch, a copy of which is attached hereto as Exhibit A, the Debtors believe that Bunch & Brock does not hold or represent any interest adverse to the Debtors, and that Bunch & Brock and each of its attorneys is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

6.      Based upon the Affidavit of W. Thomas Bunch, the Debtors believe that Bunch & Brock and its attorneys have no connection with the Debtors, any creditors of the Debtors, or any other party in interest in the Debtors' Chapter 11 Cases, or its respective attorneys, accountants and advisors, except as set forth in said Affidavit.

7.      Based upon the Affidavit of W. Thomas Bunch, the Debtors believe that neither the firm of Bunch & Brock nor any member, counsel or associate involved in these Chapter 11 Cases is so connected with any Bankruptcy Judge of the Eastern District of Kentucky, or the United States Trustee for the Eastern District of Kentucky or any assistant to the United States Trustee assigned to these cases, as to render the appointment of Bunch & Brock as Bankruptcy Counsel for the Debtors inappropriate under Rule 5002(b) of the Bankruptcy Rules.

8.      Bunch & Brock shall seek compensation based upon its normal hourly billing rates in effect for the period in which services are performed and will seek reimbursement of necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. Section 330, and other orders

of this Court. A schedule of current hourly rates is set forth in the Affidavit of W. Thomas Bunch. The Debtors submit that such rates are reasonable and should be approved by this Court subject to a determination of the amounts to be paid to Bunch & Brock upon application for allowance. It is further contemplated that Bunch & Brock may seek interim compensation and reimbursement of expenses during the case as permitted by Section 331 of the Bankruptcy Code and orders of this Court. A statement of the compensation paid for services rendered or to be rendered in contemplation of or in connection with these cases by Bunch & Brock, and the source of such compensation, is included in the Affidavit of W. Thomas Bunch.

9.      The Debtors believe that the retention of Bunch & Brock is in the best interests of the Debtors and its estate, and that employment of Bunch & Brock under a general retainer with compensation to be determined upon application to the Court.

**Notice**

NOTICE is hereby given that this Motion will be brought on for hearing on July 2, 2009 at 9:00 a.m., prevailing time, in the Second Floor Courtroom, 100 East Vine Street, Lexington, Kentucky.

**Notice to Parties-in-Interest**

Notice of this Application has been given to the U.S. Trustee's Office, the Debtors' Secured Lenders and/or their attorneys, and the Debtors' 20 Largest Unsecured Creditors. Because of the urgent circumstances of this matter, the Debtors submit that the notice herein is appropriate under the circumstances.

WHEREFORE, the Debtors respectfully request the Court to enter an Order sustaining this Application, and for all other relief to which the Debtors may appear entitled.

**APPALACHIAN FUELS, LLC et al.**

By: _____ Assignee

JAMES H. FRAZIER, III, Assignee

Date: ___6-26-09___

COMMONWEALTH OF KENTUCKY

COUNTY OF FAYETTE

Subscribed, sworn to, and acknowledged before me by James H. Frazier, III, the duly authorized officer and Assignee of Appalachian Fuels, LLC, for and on behalf of all said corporations, on this _26_ day of June, 2009.

_____

Notary Public, State at Large, Kentucky

My Commission Expires: August 9 2012

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND DIVISION

IN RE:                                                      CHAPTER 11

APPALACHIAN FUELS, LLC et al.                              CASE NO. 09-10343

      DEBTORS

## <u>AFFIDAVIT OF W. THOMAS BUNCH</u>

Affiant, W. Thomas Bunch, first being duly sworn, states and deposes as follows:

1.     I am an attorney admitted to practice in the Commonwealth of Kentucky since 1964 and an attorney at the law firm of Bunch & Brock, 271 West Short Street, Suite 805, Lexington, KY 40507. This Affidavit is submitted in support of the "Application for Order to Retain Bunch & Brock as attorneys for the Debtors and Debtor-in-Possession" (hereinafter, the "Debtor") in these Chapter 11 Cases pursuant to Code § 327(a) and in compliance with Code §§ 329 and 504 and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

2.     I have conducted a review of all creditors and equity security holders, attorneys, accountants and advisors of the Debtors. Neither I nor any attorney at the law firm of Bunch & Brock have any connection with the Debtors, creditors, equity security holders, attorneys, accountants or advisors or any other party in interest in these Debtors' Chapter 11 Cases.

3.     Bunch & Brock therefore does not represent any interest adverse to that of the Debtors or the Debtors' estate in the matters upon which the Debtor seeks to retain Bunch & Brock, and Bunch & Brock is a "disinterested person" within the meaning of Code §101(14). Neither I nor any other attorney at Bunch & Brock are connected in any way with any Bankruptcy Judge of the

Eastern District of Kentucky or the U.S. Trustee or any assistant U.S. Trustee assigned to this chapter

11 case so as to render the appointment of Bunch & Brock inappropriate under Rule 5002(b), except

as follows:

> W. Thomas Bunch II currently represents Equitable Production Company and related
> entities in matters not related to the Debtor or its related entities.  Equitable
> Production Company is one of the Debtor's smaller unsecured creditors; in the event
> a matter or dispute arises regarding the creditor, Counsel will obtain special conflicts
> counsel and represent neither entity.

Statement under Section 329 of the Bankruptcy Code
and Under Rule 2016 of the Federal Rules of Bankruptcy Procedure

4.    Bunch & Brock has received no fees in this Case but have requested an escrow

account deposit of $350,000 via separate motion to be used for interim allowance per Court order

procedures.

5.    Bunch & Brock has not entered into any agreements, express or implied, with any

other party in interest in these cases (i) for the purpose of sharing or fixing fees or other

compensation to be paid to any such party in interest or its attorneys for services rendered in

connection therewith, (ii) for payment of such compensation from the assets of the estates in excess

of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy

Code, and (iii) for payment of compensation in connection with these cases other than in accordance

with the applicable provisions of the Bankruptcy Code.

6.    Bunch & Brock intends to apply for compensation for professional services rendered

in connection with this Chapter 11 Case and for reimbursement of expenses in accordance with the

Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules and/or any orders of this

Court.  Bunch & Brock's current customary hourly rates for professionals, subject to change from

time to time, is $500 per hour for W. Thomas Bunch, $350 per hour for W. Thomas Bunch II, $300

per hour for Matthew B. Bunch, $250 per hour for Caryn Belobraidich, and $60 per hour for

paralegal services and law clerks.

BUNCH & BROCK

By: _____

**W. THOMAS BUNCH**
271 West Short Street, Suite 805
P. O. Box 2086
Lexington, Kentucky 40588-2086
(859) 254-5522
(859) 233-1434 FAX

COMMONWEALTH OF KENTUCKY        )
                                )
COUNTY OF FAYETTE               )

Subscribed, sworn to and acknowledged before me by W. Thomas Bunch on this 26 day

of June, 2009.

My Commission Expires: August 9, 2012.

_____
NOTARY PUBLIC, STATE AT LARGE
KENTUCKY