UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:  CHAPTER 11

APPALACHIAN FUELS, LLC et al.  CASE NO. 09-10343

DEBTORS

## MOTION FOR AN ORDER TO RETAIN WHITNEY CALVERT AND MCBRAYER MCGINNIS LESLIE & KIRKLAND AS SPECIAL GENERAL COUNSEL UNDER CODE §327(e) AND NOTICE

Comes James H. Frazier, III, Assignee of the Assignment for the Benefit of the Creditors of Appalachian Holdings Company, LLC, and the related Debtors,[1] as Debtors and Debtors-in-Possession in the above-referenced Chapter 11 bankruptcy cases (hereinafter, the "Debtors") and by and through James H. Frazier, III, CRO, and hereby move the Court for an order pursuant to Code §§ 327(e), 328, 329, 330, 503(b), 504 and 507(a)(1) of the United States Bankruptcy Code ("Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to retain, employ and compensate Whitney Calvert and the law firm of McBrayer, McGinnis, Leslie & Kirkland, Lexington, Kentucky, as Special General Counsel (not as bankruptcy counsel) for the Debtors as of the Petition Date nunc pro tunc. Mr. Calvert will give general legal advice and consultation, as a specified special purpose, but no bankruptcy legal services. In support

---

[1] To wit, the assignors were Appalachian Holding Company, Inc., and its subsidiaries, Appalachian Fuels, LLC, Appalachian Coal Holdings, Inc., Appalachian Ventures, LLC, Appalachian Fuels Services, LLC, Mega Mining, LLC, Appalachian Resources, LLC, Bryant Mining Company, Inc., Appalachian Land Company, Kanawha Development Corporation, Southern Eagle Energy, LLC, Appalachian Environmental, LLC, Appalachian Premium Fuels, LLC, and Huff Creek Energy Company (the "Assignors").

of this Application, the Debtors state, as follows:

1. On June 11, 2009 an Involuntary Petition was filed against Appalachian Fuels, LLC and on June 26, 2009 the other Debtors filed their voluntary bankruptcy petitions for relief under Chapter 11 of Title 11 of the United States Code ("Code"). The Debtors are operating their businesses as debtors and debtors-in-possession pursuant to Code §§ 1107(a) and 1108.

2. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. Section 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A). The Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. Section 157(b)(1). Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. Sections 1408 and 1409. No request has been made for the appointment of a trustee or examiner, and the committee has been appointed in this case and is active.

3. The Debtors respectfully request the entry of an order authorizing employment and compensation of Whitney Calvert and the law firm of McBrayer, McGinnis, Leslie & Kirkland, Lexington, Kentucky as Special General Legal Counsel (on non-bankruptcy matters) ("Special General Counsel") for the Debtors in this Chapter 11 Case nunc pro tunc to June 11, 2009 before the date of the commencement of this case.

4. The Debtors desire to employ Special General Counsel in this Chapter 11 Case to render general, day-to-day non-bankruptcy legal services relating to the day-to-day business operations of this Case, including personnel matters, employment law, coal law, reclamation matters, bonding mattes and related coal company legal matters, and Special General Counsel will not be involved in the bankruptcy case other than referrals of legal matters from or to bankruptcy counsel. The Debtors have selected these Attorneys because Whitney Calvert and McBrayer, McGinnis,

Leslie & Kirkland has represented the Debtors in their various legal matters Pre-Petition and they are familiar with the legal needs of the Debtors. The Debtors believe that Special General Counsel is well-qualified to continue to represent the Debtors in their general legal needs.

5. Based upon the Affidavit of Whitney Calvert, a copy of which is attached hereto as Exhibit A, the Debtors believe that Special General Counsel do not hold or represent any interest adverse to the Debtors with respect to the matters on which said Special General Counsel will be employed, and that Special General Counsel are "disinterested persons" within the meaning of Code §101(14) and in conformity with Code §327(e). Special General Counsel have waived their Pre-Petition debt due them.

6. Based upon the Affidavit of Whitney Calvert, the Debtors believe that Special General Counsel and its attorneys have no connection with the Debtors, any creditors of the Debtors, or any other party in interest in the Debtors' Chapter 11 Case, or its respective attorneys, accountants and advisors, except as set forth in said Calvert Affidavit, none of which would prevent them giving day-to-day general and non-bankruptcy advice to the Debtors.

7. Based upon the Affidavit of Whitney Calvert, the Debtors believe that neither the firm of McBrayer, McGinnis, Leslie & Kirkland nor any member, counsel or associate involved in this Chapter 11 Case is so connected with any Bankruptcy Judge of the Eastern District of Kentucky, or the United States Trustee for the Eastern District of Kentucky or any assistant to the United States Trustee assigned to these cases, as to render the appointment of the Attorneys as Special General Counsel for the Debtors inappropriate under Rule 5002(b) of the Bankruptcy Rules.

8. Special General Counsel shall seek compensation based upon their normal hourly billing rates in effect for the period in which services are performed and will seek reimbursement

of necessary and reasonable out-of-pocket expenses on a monthly billing basis to the Debtors' approval and payable from the operational income in the ordinary course of business on an interim basis but subject to any final orders of this Court. A schedule of current hourly rates is set forth in the last page of Special General Counsel's Affidavit. The Debtors submit that such rates are reasonable and should be approved by this Court subject to a determination of the amounts to be paid to Special General Counsel upon final application for allowance at the end of the Transition Period, as defined in other orders. Payments monthly shall be made in accordance with the proposed order e-tendered herewith.

9. The Debtors believe that the retention of Special General Counsel are necessary and in the best interests of the Debtors and its estate.

**NOTICE** is hereby given that this Motion will be brought on for hearing on July 2, 2009 at 9:00 a.m., prevailing time, in the Second Floor Courtroom, 100 East Vine Street, Lexington, Kentucky.

**APPALACHIAN FUELS, LLC et al.**

By: _____
JAMES H. FRAZIER, III/Assignee

Date: June 26, 2009

COMMONWEALTH OF KENTUCKY

COUNTY OF FAYETTE

Subscribed, sworn to, and acknowledged before me by James H. Frazier, III, the duly authorized officer and Assignee of Appalachian Fuels, LLC, for and on behalf of all said corporations, on this __26__ day of June, 2009.

_____
Notary Public, State at Large, Kentucky

My Commission Expires: August 9, 2012

Respectfully submitted,

**BUNCH & BROCK**

By:    /s/ W. Thomas Bunch
       **W. THOMAS BUNCH**
       271 West Short Street, Suite 805
       P. O. Box 2086
       Lexington, Kentucky 40588-2086
       (859) 254-5522
       (859) 233-1434 FAX

ATTORNEY FOR DEBTORS

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 26th day of June, 2009, a true and correct copy of the foregoing was served electronically by the Clerk of the Bankruptcy Court in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, U.S. Trustee and all attorneys of record and by mail, postage prepaid upon the 20 Largest Unsecured Creditors.

/s/ W. Thomas Bunch
**W. THOMAS BUNCH**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| APPALACHIAN FUELS, LLC et al. | CASE NO. 09-10343 |
| DEBTORS | |

**AFFIDAVIT OF WHITNEY CALVERT**

Affiant, Whitney Calvert, first being duly sworn, states and deposes as follows:

1.   I am an attorney admitted to practice in the Commonwealth of Kentucky since 1999 and an attorney at the law firm of McBrayer, McGinnis, Leslie & Kirkland PLLC ("McBrayer"), 201 E. Main Street, Suite 1000, Lexington, Kentucky 40507. This Affidavit is submitted in support of the "Application for Order to Retain McBrayer, McGinnis, Leslie & Kirkland PLLC, as Special Legal Counsel for the Debtors and Debtors-in-Possession" (hereinafter, the "Debtors") in this Chapter 11 case pursuant to Code § 327(e) and in compliance with Code §§ 329 and 504 and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

2.   I have conducted a review of all creditors and equity security holders, attorneys, accountants and advisors of the Debtors and their related entities. Neither I nor any attorney at the law firm of McBrayer has any connection with the Debtors, creditors, equity security holders, attorneys, accountants or advisors or any other party in interest in the Debtors' Chapter 11 case, except as follows:

   A.   Attached hereto as <u>Exhibit A</u> is a listing of creditors and related parties which I have identified as having been represented by me or my law firm. In no instance have any of the

matters involved the Debtors and me nor my firm has been asked to represent any of the clients in connection with claims adverse to the Debtors.

  B. I have notified attorneys in my firm that if any future or existing client should seek representation in matters adverse to the Debtors that such request should be declined for so long as McBrayer serves as Special Legal Counsel for the Debtors, if such motion therefor is approved.

  3. Notwithstanding the disclosures above, McBrayer does not represent any interest adverse to that of the Debtors or the Debtors' estates in the matters upon which the Debtors seeks to retain McBrayer, and McBrayer is a "disinterested person" within the meaning of Code §101(14). Neither I nor any other attorney at McBrayer are connected in any way with any Bankruptcy Judge of the Eastern District of Kentucky or the U.S. Trustee or any assistant U.S. Trustee assigned to this Chapter 11 Case so as to render the employment of McBrayer inappropriate under Rule 5002(b).

**Statement under Section 329 of the Bankruptcy Code
and Under Rule 2016 of the Federal Rules of Bankruptcy Procedure**

  4. On May 14, 2009, the Debtor (Appalachian Fuels, LLC) paid McBrayer a retainer in the sum of $100,000 for professional services to be provided. After drawing down this retainer for services rendered in May and June of 2009, there is a balance due of approximately $85,461 as unpaid attorney's fees for approximately two (2) years previously. McBrayer received no fees other than those disclosed herein.

  5. Neither I nor any other attorney at McBrayer has entered into any agreements, express or implied, with any other party in interest in these cases (i) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (ii) for payment of such compensation from the assets of the estates in excess

of the compensation allowed by this Court pursuant to the applicable provisions of the Code, and (iii) for payment of compensation in connection with these cases other than in accordance with the applicable provisions of the Bankruptcy Code (except for negotiating certain carveouts mentioned in a proposed interim cash collateral order with the primary secured creditor herein, which is subject to this Court's approval and entry).

6. McBrayer intends to apply for compensation for professional services rendered in connection with the non-bankruptcy matters arising in these Chapter 11 Cases and for reimbursement of expenses on a monthly basis to be paid in the ordinary course of the Debtors' business. My current customary hourly rate for matters of this type and nature is $275 per hour; the current customary hourly rates for other attorneys who may be involved in this matter are listed on <u>Exhibit B</u> hereto. No charges will be made for clerical services, unless extraordinary exceptional circumstances occur.

                                     MCBRAYER, MCGINNIS, LESLIE
                                     & KIRKLAND PLLC

By: _____
                                     WHITNEY CALVERT
                                     201 East Main Street, Suite 1000
                                     Lexington, Kentucky 40507
                                     (859) 231-8780
                                     (859) 231-6518 Fax

COMMONWEALTH OF KENTUCKY          )
                                                        )
COUNTY OF FAYETTE                           )

Subscribed, sworn to and acknowledged before me by Whitney Calvert on this 25th day of June, 2009.

My Commission Expires: 2/14/2011

_____
NOTARY PUBLIC, STATE AT LARGE
KENTUCKY

## EXHIBIT A

1. Affiant was involved in the representation of creditor Allegheny Power in matters wholly unrelated to the Debtor while working for her former law firm (Frost Brown Todd LLC). Affiant no longer represents Allegheny Power.

2. Affiant was involved in the representation of creditors/lessors Alma Land Company, Bevins Branch Resources and/or affiliates thereof in matters wholly unrelated to the Debtor while working for her former law firm. Affiant no longer represents such parties.

3. Affiant was involved in the representation of creditor East Kentucky Power Cooperative in matters wholly unrelated to the Debtor while working for her former law firm. Affiant no longer represents such parties.

4. The government relations office affiliated with McBrayer represents creditor Equitable Production in matters wholly unrelated to the Debtor. This representation is in government relations only, and does not constitute legal representation. A member of McBrayer also represents Equitable Production in matters wholly unrelated to the Debtor.

5. A member of McBrayer currently represents the owners of creditor Mineral Labs, Inc. in estate planning matters wholly unrelated to the Debtor.

6. McBrayer formerly represented Robert Addington in connection with matters wholly unrelated to the Debtor. To the best of our knowledge, Mr. Addington is not a direct or indirect equity interest owner of the Debtor, or a creditor of the Debtor, although he is related to certain persons affiliated with the Debtor.

7. Affiant was involved in the representation of indirect parent company of the Debtor, Energy Coal Resources, while working for her former law firm. Affiant no longer represents Energy Coal Resources.

8. Terry McBrayer (a member of McBrayer) is a cousin by marriage to an underwriter of creditor Cumberland Surety. This member will not be directly involved in matters related to the Debtor.

9. A member of McBrayer represents creditor Chevron in matters wholly unrelated to the Debtor.

10. A member of McBrayer represents J.P. Morgan, an affiliate of a creditor, in matters wholly unrelated to the Debtor.

11.     Affiant was involved in the representation of creditor Traxys North America in matters wholly unrelated to the Debtor while working for her former law firm. Affiant no longer represents Traxys North America.

12.     Affiant was involved in the representation of creditor Toyota Financial Services and/or one of its affiliates in matters wholly unrelated to the Debtor while working for her former law firm. Affiant no longer represents any such parties.

13.     McBrayer represents Scott-Gross Co. Inc. in matters wholly unrelated to the Debtor.

14.     Affiant was involved in the representation of creditor Rhino Energy in matters wholly unrelated to the Debtor while working for her former law firm. Affiant no longer represents Rhino Energy.

15.     Affiant was involved in the representation of creditor Lexington Coal Company in matters wholly unrelated to the Debtor while working for her former law firm. Affiant no longer represents Lexington Coal Company.

## EXHIBIT B

| Attorney | Hourly Rate |
| --- | --- |
| Stephen Amato | $235.00 |
| Jaron Blandford | $230.00 |
| Rob Maclin | $290.00 |
| Kathryn Ryan | $320.00 |
| Jon Woodall | $235.00 |
| David Cohen | $225.00 |
| Doug Logston | $225.00 |
| Josh Markham | $185.00 |
| Ben Riddle | $180.00 |
| Terri Stallard | $295.00 |
| Brendan Yates | $180.00 |
| Benjamin Fiechter | $150.00 |