## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### ASHLAND DIVISION

IN RE:                                                          CHAPTER 11

APPALACHIAN FUELS, LLC et al.                        CASE NO. 09-10343

      DEBTORS

## MOTION TO APPOINT JAMES H. FRAZIER, III AS CHIEF RESTRUCTURING OFFICER OF THE CONSOLIDATED DEBTORS AND NOTICE

Come the Debtors[1] and move the Court to entered the attached "Order Providing for the Employment of a Chief Restructuring Officer" as a substitute for the "Interim Agreed Order" (Doc. No. 57) entered herein on June 19, 2009 appointing James H. Frazier, III as Chief Restructuring Officer under Code §327(e) and as grounds state that:

1.      The Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, this matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(A), (E), and (M), and notice of the Motion was due and proper under the circumstances.

2.      The Assignee is a custodian of Estate property as described in Code §543; and

3.      It having been demonstrated through the averments in the statements of counsel in open Court on June 19, 2009 and as recited in the Interim Agreed Order (Doc. No. 57) that there is a need for action to preserve property of the Estate and to prevent loss to the Estate and that the relief granted herein is in the best interest of creditors.

4.      That the various creditors herein have amended the Assignment for the Benefit of

---

[1]  To wit, the assignors were Appalachian Holding Company, Inc., and its subsidiaries, Appalachian Fuels, LLC, Appalachian Coal Holdings, Inc., Appalachian Ventures, LLC, Appalachian Fuels Services, LLC, Mega Mining, LLC, Appalachian Resources, LLC, Bryant Mining Company, Inc., Appalachian Land Company, Kanawha Development Corporation, Southern Eagle Energy, LLC, Appalachian Environmental, LLC, Appalachian Premium Fuels, LLC, and Huff Creek Energy Company (the "Assignors").

Creditors to give Frazier full and complete governance of them and that the Debtors have all named Frazier as Spokesman for the Debtors.

5.      That James H. Frazier, III as Assignee of the Debtors under an Assignment for Benefit of the Creditors and the Amendment thereto, attached hereto as Exhibit 1, has possession of the assets, knowledge of the case and information vital to the protection of the Estates Assets, he should be appointed Chief Restructuring Officer possessing the duties and responsibility set forth in the attached order.

Relief Requested

6.      To enter the order appointing James H. Frazier, III as Chief Restructuring Officer.

NOTICE is hereby given that this Motion will be brought on for hearing on July 2, 2009 at 9:00 a.m., prevailing time, in the Second Floor Courtroom, 100 East Vine Street, Lexington, Kentucky.

Respectfully submitted,

BUNCH & BROCK

BY:     /s/ W. Thomas Bunch
        W. THOMAS BUNCH, ESQ.
        271 West Short Street
        805 Security Trust Building
        P.O. Box 2086
        Lexington, Kentucky 40588-2086
        (859) 254-5522
        ATTORNEYS FOR DEBTORS

CERTIFICATE OF SERVICE

This is to certify that on this the 26th day of June, 2009, a true and correct copy of the foregoing was served electronically by the Clerk of the Bankruptcy Court in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, U.S. Trustee and all attorneys of record and by mail, postage prepaid, upon the 20 Largest Unsecured Creditors.

        /s/ W. Thomas Bunch
        W. THOMAS BUNCH

# McBRAYER, McGINNIS, LESLIE & KIRKLAND, PLLC

## ATTORNEYS-AT-LAW

201 East Main Street, Suite 1000
Lexington, Kentucky 40507
(859) 231-8780
Fax (859) 281-1552

May 29, 2009

To All Known Creditors of:

Appalachian Holding Company, Inc. and its subsidiaries, Appalachian Fuels, LLC, Appalachian Coal Holdings, Inc., Appalachian Ventures, LLC, Appalachian Fuels Services, LLC, Mega Mining, LLC, Appalachian Resources, LLC, Bryant Mining Company, Inc., Appalachian Land Company, Kanawha Development Corporation, Southern Eagle Energy, LLC, Appalachian Environmental, LLC, Appalachian Premium Fuels, LLC, and Huff Creek Energy Company (collectively, "Assignors")

### Notice of Assignment for the Benefit of Creditors

Dear Sir or Madam:

On May 26, 2009, the Assignors executed Deeds of Assignment for the Benefit of Creditors conveying all property of the Assignors (the "Property") to the undersigned James H. Frazier ("Assignee-Trustee"), who accepted the position of Assignee-Trustee under Kentucky Revised Statutes ("KRS") Chapter 379, and was appointed as Assignee-Trustee by Order of the Commonwealth of Kentucky Fayette District Court on May 27, 2009. Pursuant to KRS Chapter 379, the Order, and a Trust Agreement and Assignment for the Benefit of Creditors between the Assignors and Assignee-Trustee, the Assignee-Trustee will liquidate the Property in order to maximize the value of the Property for the benefit of the creditors of the Assignors in accordance with the priorities and procedures established by law.

Background

The Assignors owned and operated coal mines in Kentucky and West Virginia. Due to the downturn in the economy, the coal industry has been negatively impacted by the decline in the demand for steel and the decline in the demand for electricity. This declining demand has resulted in an overflow of coal inventory at power plants and steel mills, which impacted the ability of the Assignors to market their coal. This situation had a significantly negative impact on the cash flow of the Assignors, leaving no option but to wind down the business.

LEXINGTON, KENTUCKY        FRANKFORT, KENTUCKY        GREENUP, KENTUCKY

McBRAYER, McGINNIS, LESLIE & KIRKLAND, PLLC

### Assignment for the Benefit of Creditors

Assignments for the benefit of creditors in Kentucky are governed by KRS Chapter 379, and are overseen by the applicable state District Court. In this case, the applicable court is the Commonwealth of Kentucky Fayette District Court. The Assignee-Trustee has the obligation, with oversight by the Court, to liquidate the Property and convert it to cash, receive the claims of creditors, pay the costs of administration of the estate, and distribute the proceeds to the creditors in accordance with priorities and procedures established by law.

### Claims and Contact Information

This notice is being sent to all known creditors of the Assignors. All creditors holding a claim against the Assignors or the Property are requested to complete and return the attached Affidavit of Claim to the Assignee-Trustee as soon as possible. Pursuant to KRS 379.100, the Assignee-Trustee will begin receiving claims on June 1, 2009, and all claims must be received by September 1, 2009. If you do not complete and return the Affidavit of Claim by September 1, 2009, you will be deemed to have waived your claim, and you will not be entitled to any distribution.

Thank you for your cooperation in this matter. If you have any questions with respect to the matters described above, please contact our financial advisors, Morris Anderson & Associates, Ltd. at telephone number (606) 928-0413.

Very truly yours,

James H. Frazier, Assignee-Trustee

## AFFIDAVIT OF CLAIM

The undersigned creditor of Appalachian Holding Company, Inc. and/or its subsidiaries, Appalachian Fuels, LLC, Appalachian Coal Holdings, Inc., Appalachian Ventures, LLC, Appalachian Fuels Services, LLC, Mega Mining, LLC, Appalachian Resources, LLC, Bryant Mining Company, Inc., Appalachian Land Company, Kanawha Development Corporation, Southern Eagle Energy, LLC, Appalachian Environmental, LLC, Appalachian Premium Fuels, LLC, and Huff Creek Energy Company (collectively, "Assignors") hereby represents that the amount set opposite his or its signature is a true and correct statement of the amount owing to the undersigned as of the date hereof, after making such adjustments for credits and set-offs that may be due. A copy of the statement, invoice, or other document evidencing such amount owing is enclosed herewith.

Dated this _____ day of _____ 2009.


Amount of claim: $_____

Name of applicable Assignor owing such amount: _____


_____
Signature of Creditor

_____
Print Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number with Area Code

_____
E-mail Address


**THIS FORM MUST BE RETURNED TO THE ASSIGNEE-TRUSTEE AT THE FOLLOWING ADDRESS BY SEPTEMBER 1, 2009, OR YOU WILL HAVE BEEN DEEMED TO HAVE WAIVED ALL CLAIMS, AND WILL NOT BE ENTITLED TO ANY DISTRIBUTION. FORMS ARE DEEMED SUBMITTED ONLY WHEN ACTUALLY RECEIVED.**

**FORMS MUST BE SENT TO: JAMES H. FRAZIER, MCBRAYER, MCGINNIS, LESLIE & KIRKLAND PLLC, 201 EAST MAIN STREET, SUITE 1000, LEXINGTON, KENTUCKY 40507.**

## TRUST AGREEMENT AND ASSIGNMENT
## FOR THE BENEFIT OF CREDITORS
## OF
## APPALACHIAN HOLDING COMPANY, INC. AND ITS SUBSIDIARIES

THIS TRUST AGREEMENT AND ASSIGNMENT FOR THE BENEFIT OF CREDITORS is made and entered into this 26th day of May, 2009, by and among Appalachian Holding Company, Inc., and its subsidiaries Appalachian Fuels, LLC, Appalachian Coal Holdings, Inc., Appalachian Ventures, LLC, Appalachian Fuels Services, LLC, Mega Mining, LLC, Appalachian Resources, LLC, Bryant Mining Company, Inc., Appalachian Land Company, Kanawha Development Corporation, Southern Eagle Energy, LLC, Appalachian Environmental, LLC, Appalachian Premium Fuels, LLC, and Huff Creek Energy Company, all of which are located at 1500 North Big Run Road, Ashland, KY 41102, (collectively, "Assignors"), and James H. Frazier (not individually, but solely as Trustee-Assignee for the Benefit of Creditors) of McBrayer, McGinnis, Leslie & Kirkland PLLC, located at 201 East Main Street, Suite 1000, Lexington, Kentucky 40507 (hereinafter referred to as the "Trustee-Assignee").

### WITNESSETH:

WHEREAS, Assignors are indebted to various persons, corporations, and other entities, and are unable to pay their debts in full, and have decided to discontinue their businesses and are desirous of transferring their property to an assignee for the benefit of their creditors so that the property so transferred may be expeditiously liquidated and the proceeds thereof fairly distributed to their creditors without any preference or priority, except such priority as is established and permitted by applicable law;

NOW, THEREFORE, in consideration of Assignors' existing indebtedness to their creditors, the express undertakings of the Trustee-Assignee and the mutual covenants contained herein, it is hereby AGREED:

1.    **Creation and Object of Trust.**   The name of this trust ("Trust") shall be the **"Appalachian Holding Creditors Trust"** and its object shall be the orderly liquidation of the assets and property of Assignors and the distribution of the proceeds of that liquidation to creditors of Assignors in accordance with §§379.010 *et seq.* of the Kentucky Revised Statutes ("KRS"). Assignors hereby nominate and appoint James H. Frazier of McBrayer, McGinnis, Leslie & Kirkland PLLC as Trustee-Assignee to carry out the purpose of this Trust in accordance with its terms and conditions. The Trustee-Assignee shall have the powers and duties hereinafter set forth, and shall receive reasonable compensation for his services and reimbursement of his reasonable expenses, including, but not limited to, reimbursement of his reasonable attorneys' fees and costs. The Trustee-Assignee will serve under a bond executed pursuant to KRS §379.030.

2.    **Transfer of Assets.**   Assignors do hereby irrevocably grant, convey, assign transfer, and set over to the Trustee-Assignee, all the property and assets of Assignors, whatsoever and wheresoever situated, which are now, or ever have been, used in connection with the operation of Assignors' businesses. The property and assets transferred shall include, without limitation, if any such assets exist, the right to receive incoming mail, all real property, all personal property, tangible and intangible, including, without limitation, all cash on hand,

2

bonds, bank accounts, all accounts receivable, all furniture, fixtures, equipment, leasehold improvements, inventory, general intangibles, patents, insurance premium and/or policy refunds, tradenames, trademarks, franchises, service marks, and causes of action, subject to any liens, claims and encumbrances on such property and assets. Title to the property and assets of Assignors shall immediately vest in the Trustee-Assignee for the use and purpose hereinafter set forth.

3.    **Powers and Duties of Trustee-Assignee.** The Trustee-Assignee shall have the following powers, rights and duties set forth in KRS §§379.010 through 379.150, including but not limited to the authority to:

(a)    Collect any and all accounts receivable owing to the Assignors.

(b)    Continue to borrow and pledge the Assignors' assets if approved by the court administering the Assignors' estates.

(c)    Sell, or otherwise dispose of any real property of Assignors.

(d)    Sell, or otherwise dispose of, if such exists, all tangible and intangible personal property of Assignors including, but not limited to, all of their machinery, equipment, inventory, service marks, tradenames, trademarks, patents, franchises, causes of action and general intangibles, at private or public sale upon such notice and upon such terms conforming with KRS §379.090. The Trustee-Assignee shall have the power to employ an auctioneer to conduct such sale and to advertise such sale in such manner as the Trustee-Assignee deems best. The Trustee-Assignee shall have the power to execute bills of sale and any other

3

documents necessary to convey title to Assignors' personal property. The Trustee-Assignee shall have the power to enter into an agreement with any party to participate in a liquidation sale with the Trustee-Assignee hereunder for the benefit of creditors sharing in the profits from such sale.

(e)     Employ, according to customary retention terms, attorneys, accountants, and such additional personnel to whatever extent may be necessary to handle the administrative details of this Trust.

(f)     Require all creditors of Assignors to whom a balance is now owing to submit verified statements of their accounts pursuant to notice provided under KRS §379.100.

(g)     To settle any and all claims against or in favor of Assignors, or in the discretion of the Trustee-Assignee, to sue or be sued, and to prosecute or defend any claim or claims of any nature whatsoever existing or in favor of Assignors pursuant to KRS §§379.120 and 379.150 through 379.170.

(h)     To pay the respective creditors of Assignors out of the monies that shall come into his hands as Trustee-Assignee in amounts and under the priorities established by KRS §§379.010 and 379.130:

(i)     First, to pay the reasonable costs and expenses (including reasonable legal fees and court costs) of executing and administering the trust hereby created, including reasonable compensation to the Trustee-Assignee for his services.

4

       (ii)      Second, to pay the debts of secured parties with valid liens on any property conveyed by the deeds of assignment, to the extent of the proceeds garnered from the disposition of that property, with the unsatisfied remainder to be treated as a general unsecured claim.

       (iii)     Third, to pay the unsecured creditors their allowed claims as determined under KRS §379.120; provided, however, that if there shall not be sufficient funds with which to pay all said debts, then said debts are to be paid ratably and in proportion. Distributions made pursuant to this subsection must comply with KRS §379.130.

       (iv)     Fourth, to pay the surplus, if any, of the Trust's funds, when all debts of the Trust shall have been paid in full, to the Assignors.

   (i)     To do and perform any and all other acts necessary and proper for the orderly liquidation or other disposition, including, but not limited to, abandonment of the assets and property of Assignors and the distribution of the proceeds derived therefrom to the respective creditors of Assignors.

4.    **Employment of Counsel of Trustee-Assignee.**  It is hereby represented and agreed by the parties that McBrayer, McGinnis, Leslie & Kirkland PLLC shall be employed to act as attorney for the Trustee-Assignee, and shall render such legal services as the Trustee-Assignee requires during the existence of this Trust.

5

Additional special counsel may be retained by the Trustee-Assignee should he deem the same necessary.

5. **Rights of Creditors.** All rights and remedies of the creditors against any surety or sureties for Assignors are hereby expressly reserved and nothing herein contained shall prevent the creditors or any of them from suing any third parties or persons who may be liable to any of the creditors for all or any part of their claims against Assignors, or from enforcing or otherwise obtaining the full benefit of any mortgage, charge, pledge, lien or their security which they now hold on any property, creditors or effects of Assignors.

6. **Administration of Trust.** The Trustee-Assignee shall, except as provided in KRS §379.170, be subject to the orders and supervision of the District Court and may be required at any time upon reasonable notice to file any report ordered. The Trustee-Assignee may, when the court so directs, be examined in open court regarding the condition of the estate and its management.

7. **Liability of Trustee-Assignee.** It is understood and agreed that the Trustee-Assignee is to assume no personal liability or responsibility for any of his acts as Trustee-Assignee herein, other than for intentional misconduct or gross negligence, and without limiting the foregoing his obligation shall be limited to the performance of the terms and conditions of this Trust Agreement, in good faith and in the exercise of his best judgment.

8. **Warranties of Assignors.** Assignors hereby warrant as follows:

   (a)   The lists of creditors delivered concurrently herewith to the Trustee-Assignee is complete and correct as reflected by the books and records of

6

Assignors, or through its officers and directors, as to names of said creditors, their addresses and the amount due them.

(b)     Assignors, through their officers and directors, shall perform any and all acts reasonably necessary and proper to assist the Trustee-Assignee in the orderly liquidation of Assignors' assets and the collection of monies owing to the Assignor, and in the distribution of said monies and the proceeds of asset sales to Assignors' creditors; provided, however, the officers and directors of Assignors shall only provide such assistance to the Trustee-Assignee to the extent, and on the condition that they are reasonably compensated for such services.

9.     **Governing Laws.** This Trust Agreement, and the obligations of the parties hereto, shall be construed or governed, as the case may be, in accordance with the laws of the Commonwealth of Kentucky.

10.     **Acceptance by Trustee-Assignee.** The Trustee-Assignee does hereby accept the Trust herein created and agrees to faithfully perform the same according to the best of the Trustee-Assignee's skill, knowledge and ability. It is understood that the Trustee-Assignee shall receive reasonable compensation for his services rendered in connection with the Trust.

[THIS SPACE INTENTIONALLY BLANK; SIGNATURE PAGE FOLLOWS]

7

IN WITNESS WHEREOF, the parties have hereunto set their hands the day and year first above written.

**APPALACHIAN HOLDING COMPANY, INC.**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**APPALACHIAN FUELS, LLC**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**APPALACHIAN COAL HOLDINGS, INC.**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**APPALACHIAN VENTURES, LLC**

By: _____

Print Name: _Stephen Addington_

Its: _President_

8

**APPALACHIAN FUELS SERVICES, LLC**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**MEGA MINING, LLC**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**APPALACHIAN RESOURCES, LLC**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**BRYANT MINING COMPANY, INC.**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**APPALACHIAN LAND COMPANY**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**KANAWHA DEVELOPMENT CORPORATION**

By: _____

Print Name: _Stephan Addington_

Its: _President_

**SOUTHERN EAGLE ENERGY, LLC**

By: _____

Print Name: _Stephan Addington_

Its: _President_

**APPALACHIAN ENVIRONMENTAL, LLC**

By: _____

Print Name: _Stephen Addington_

Its: _President_

**APPALACHIAN PREMIUM FUELS, LLC**

By: _____

Print Name: _Stephan Addington_

Its: _President_

**HUFF CREEK ENERGY COMPANY**

By: _____

Print Name: _Stephen Addington_

Its: _President_

James H. Frazier, as Trustee-Assignee

COMMONWEALTH OF KENTUCKY )
                             ) SS
COUNTY OF _____Boyd_____ )

     The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Holding Company, Inc., on behalf of said company.

                               NOTARY PUBLIC, STATE AT LARGE

                               My Commission
                               Expires:___Aug. 2, 2011___

COMMONWEALTH OF KENTUCKY )
                             ) SS
COUNTY OF _____Boyd_____ )

     The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Fuels, LLC, on behalf of said company.

                               NOTARY PUBLIC, STATE AT LARGE

                               My Commission
                               Expires:___Aug. 2, 2011___

COMMONWEALTH OF KENTUCKY )
                                                      ) SS
COUNTY OF ___Boyd_____ )

    The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Coal Holdings, Inc., on behalf of said company.

_____
NOTARY PUBLIC, STATE AT LARGE

My Commission
Expires: _Aug. 2, 2011_____

COMMONWEALTH OF KENTUCKY )
                                                      ) SS
COUNTY OF ___Boyd_____ )

    The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Ventures, LLC, on behalf of said company.

_____
NOTARY PUBLIC, STATE AT LARGE

My Commission
Expires: _Aug. 2, 2011_____

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF _Boyd_____ )

The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Fuels Services, LLC, on behalf of said company.

_____
NOTARY PUBLIC, STATE AT LARGE

My Commission
Expires: _Aug. 2, 2011_

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF _Boyd_____ )

The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Mega Mining, LLC, on behalf of said company.

_____
NOTARY PUBLIC, STATE AT LARGE

My Commission
Expires: _Aug. 2, 2011_

COMMONWEALTH OF KENTUCKY )
                                 ) SS
COUNTY OF _Boyd_ )

       The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Resources, LLC, on behalf of said company.

                                    NOTARY PUBLIC, STATE AT LARGE

                                    My Commission
                                    Expires: _Aug. 2, 2011_


COMMONWEALTH OF KENTUCKY )
                                 ) SS
COUNTY OF _Boyd_ )

       The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Bryant Mining Company, Inc., on behalf of said company.

                                    NOTARY PUBLIC, STATE AT LARGE

                                    My Commission
                                    Expires: _Aug. 2, 2011_

COMMONWEALTH OF KENTUCKY  )
                                      ) SS
COUNTY OF ___Boyd_____ )

    The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Land Company, on behalf of said company.

                                       NOTARY PUBLIC, STATE AT LARGE

                                       My Commission
                                       Expires: _Aug. 2, 204___

COMMONWEALTH OF KENTUCKY  )
                                        ) SS
COUNTY OF ___Boyd_____ )

    The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Kanawha Development Corporation, on behalf of said company.

                                       NOTARY PUBLIC, STATE AT LARGE

                                       My Commission
                                       Expires: _Aug. 2, 2011___

COMMONWEALTH OF KENTUCKY )
                                                ) SS
COUNTY OF _____Boyd_____ )

The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Southern Eagle Energy, LLC, on behalf of said company.

                                        _____
                                        NOTARY PUBLIC, STATE AT LARGE

                                        My Commission
                                        Expires: _Aug. 2, 2011_

COMMONWEALTH OF KENTUCKY )
                                                ) SS
COUNTY OF _____Boyd_____ )

The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Environmental, LLC, on behalf of said company.

                                        _____
                                        NOTARY PUBLIC, STATE AT LARGE

                                        My Commission
                                        Expires: _Aug. 2, 2011_

COMMONWEALTH OF KENTUCKY )
                                              ) SS
COUNTY OF __Boyd__ )

      The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Appalachian Premium Fuels, LLC, on behalf of said company.

                                        NOTARY PUBLIC, STATE AT LARGE

                                        My Commission
Expires: __Aug. 2, 2011__

COMMONWEALTH OF KENTUCKY )
                                              ) SS
COUNTY OF __Boyd__ )

      The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of Huff Creek Energy Company, on behalf of said company.

                                        NOTARY PUBLIC, STATE AT LARGE

                                        My Commission
Expires: __Aug. 2, 2011__

COMMONWEALTH OF KENTUCKY )
                                       ) SS
COUNTY OF _____FAYETTE_____)

     The foregoing agreement was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by James H. Frazier, as Trustee-Assignee.

NOTARY PUBLIC, STATE AT LARGE

My Commission
Expires:____8-14-2011____

**COMMONWEALTH OF KENTUCKY**
**FAYETTE COUNTY CIVIL DISTRICT COURT**
**CASE NO. 09-C-4320**

FILED AND ENTERED
MAY 27 2009
FAY...
BY

**IN THE MATTER OF APPALACHIAN HOLDING COMPANY, INC.**

**MAY 27 2009**

**PETITION FOR ADMINISTRATION OF ASSIGNMENT**
**FOR THE BENEFIT OF CREDITORS**

Comes Appalachian Holding Company, Inc. and its subsidiaries (collectively, the "Petitioners") pursuant to KRS 379.010 *et seq.* and states as follows in support of their Petition for Administration of Assignment for the Benefit of Creditors:

1.    Appalachian Holding Company, Inc. is a Delaware corporation with its principal place of business located in Ashland, Boyd County, Kentucky.

2.    Appalachian Holding Company, Inc. owns the following thirteen (13) subsidiaries: Appalachian Fuels, LLC; Appalachian Coal Holdings, Inc.; Appalachian Ventures, LLC; Appalachian Fuels Services, LLC; Mega Mining, LLC; Appalachian Resources, LLC; Appalachian Environmental, LLC; Bryant Mining Company, Inc.; Appalachian Land Company; Kanawha Development Corporation; Southern Eagle Energy, LLC; Appalachian Premium Fuels, LLC; and Huff Creek Energy Company.

3.    The subsidiaries not organized under the laws of the Commonwealth of Kentucky have all consented to the jurisdiction of this Court for the administration of their respective estates.

4.    The books and records of the Petitioners are located in the city of Ashland, County of Boyd, Commonwealth of Kentucky.

5.    The registered agent of Appalachian Holding Company, Inc. is located in Fayette County, Kentucky.

6.    The Petitioners are unable to pay their debts in full and have decided to discontinue their business.

7.    The Petitioners have transferred their property to James H. Frazier III of McBrayer, McGinnis, Leslie & Kirkland PLLC, as an assignee for the benefit of creditors pursuant to KRS 379.010 *et seq.*, so that said property may be expeditiously liquidated and the proceeds thereof fairly distributed to creditors.

8.    The Petitioners believe that the liquidation of the Petitioners can occur most efficiently in the courts of Kentucky under the procedures set forth for voluntary assignments for the benefit of creditors in KRS 379.010 *et seq.*

9.    All creditors of the Petitioners will receive notice of this proceeding in accordance with KRS 379.100 and will be provided an opportunity to assert their claims.

10.    KRS 379.050 grants the District Court the exclusive authority to supervise the estate created by an assignment for the benefit of creditors initiated under KRS 379.010 *et seq.*

WHEREFORE, Petitioners pray that this Court supervise the administration of the estates and issue all other appropriate relief as required under KRS 379.010 *et seq.*

Respectfully Submitted,

Stephen Addington,
    as President of Petitioners

COMMONWEALTH OF KENTUCKY )
                                                    ) SS
COUNTY OF    Boyd                        )

The foregoing Petition for Administration of Assignment for the Benefit of Creditors was subscribed, sworn to and acknowledged before me on this 26th day of May, 2009 by Stephen Addington as President of each of the following entities:  Appalachian Holding Company, Inc.; Appalachian Fuels, LLC; Appalachian Coal Holdings, Inc.; Appalachian Ventures, LLC; Appalachian Fuels Services, LLC; Mega Mining, LLC; Appalachian Resources, LLC; Appalachian Environmental, LLC; Bryant Mining Company, Inc.; Appalachian Land Company; Kanawha Development Corporation; Southern Eagle Energy, LLC; Appalachian Premium Fuels, LLC; and Huff Creek Energy Company, Petitioners, on behalf of said entities.

NOTARY PUBLIC, STATE AT LARGE

My Commission Expires: Aug. 2, 2011