## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### ASHLAND DIVISION

IN RE:                                                CHAPTER 11

APPALACHIAN FUELS, LLC et al.                        CASE NO. 09-10343

    DEBTORS                              JOINTLY ADMINISTERED[1]


### REPORT OF CLOSING OF SALE OF ALLOY COMPLEX TO MASSEY

NOTICE is hereby given by the Debtors that on September 30, 2009, the Debtors did close

the Sale No. 2 of the Alloy Complex in West Virginia to A.T. Massey Coal Co. as approved by this

Court in Sale Order No. 2 (Doc. No. 552) and the copies of the Closing Documents are attached

hereto and incorporated herein by this reference.


**BUNCH & BROCK**

BY:      /s/ W. Thomas Bunch
         **W. THOMAS BUNCH**
         805 Security Trust Building
         271 West Short Street
         Lexington, Kentucky 40507
         (859) 254-5522
         (859) 233-1434 FAX

         ATTORNEYS FOR DEBTORS

---

[1] The case being jointly administered with Appalachian Fuels, LLC, Case No. 09-10343 include: Appalachian Holding Company, Inc., Case No. 09-10372, Appalachian Premium Fuels, LLC, Case No. 09-10373, Appalachian Environmental, LLC, Case No. 09-10374, Kanawha Development Corporation, Case No. 09-10375, Appalachian Coal Holdings, Inc., Case No. 09- 10405 and Southern Eagle Energy, LLC, Case No. 09-10406.

AppalachianFuels\Report of Closing (AlloyComplex-Massey)

## CERTIFICATE OF SERVICE

This is to certify that on this the 2nd day of October, 2009, a true and correct copy of the foregoing was served electronically by the Clerk of the Bankruptcy Court in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, U.S. Trustee and all attorneys of record, and by e-mail upon Master Service List No. 1 (Doc. No. 235).

  /s/ W. Thomas Bunch      
**W. THOMAS BUNCH**

After recordation, return to
Lewis Glasser Casey & Rollins PLLC
PO Box 1746
Charleston, West Virginia 25326

**THIS QUITCLAIM DEED** is made and entered into this 30th day of September, 2009, by and between **Appalachian Resources, LLC**, a Kentucky limited liability company, party of the first part; and **Appalachian Fuels, LLC**, a Kentucky limited liability company, party of the second part.

## W I T N E S S E T H:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which is hereby acknowledged, the party of the first part does hereby **GRANT** and **CONVEY** unto the party of the second part all the surface of that certain lot, tract or parcel of land, together with the improvements thereon and the appurtenances thereunto belonging, situate in, Fayette County, West Virginia, and being more particularly described on Exhibit A attached hereto and made a part hereof.

This conveyance is made **SUBJECT TO** such covenants, conditions, restrictions, reservations, easements and rights of way as set forth or referred to in the deed to the party of the first part as referenced above, as appear in the chain of title, and any customary rights of way and easements on the ground or established by use.

This conveyance is further made **SUBJECT TO** the *ad valorem* real estate taxes for the year 2009, which shall be prorated on a calendar year basis between the party of the first part and the party of the second part; and all subsequent years.

Reference is hereby made to the foregoing instruments, maps, plats, declarations and such other instruments recorded in the Clerk's office, for a further and more particular description of the real property conveyed hereby, and for a description of the rights, interests, duties and obligations of the party of the second part, its successors and assigns.

**DECLARATION OF RESIDENCY:** The undersigned party of the first part hereby declares that it is a resident entity of the State of West Virginia for the purposes of West Virginia Code § 11-21-71b, as amended, at the time of the transfer of the property completed hereby.

**DECLARATION OF CONSIDERATION OR VALUE:** The party of the first part as grantor does hereby declare that the consideration for the real property hereby conveyed is $100.00

**WITNESS** the following signature and seal:

APPALACHACHIAN RESOURCES, LLC

By: *James H. Frazier, II*

Its: *Chief Liquidator*

STATE OF *Kentucky*,

COUNTY OF *Fayette*, to-wit:

The foregoing instrument was acknowledged before me this 30th day of September, 2009, by *James H. Frazier, II*, the duly authorized officer of Appalachian Resources, a *CL6* , by and for the *company* .

My commission expires: *11-2-11* .

Notary Public

The foregoing instrument was prepared by Ann Starcher, Esq., Lewis Glasser Casey & Rollins PLLC, P. O. Box 1746, Charleston, W. Va., 25326.

## EXHBIT A

| Description- Location | Ticket | Book | Page | Map | Par |
|---|---|---|---|---|---|
| Pt. Lot 17 Boomer | 6326638 | 475/499 | 493/218 | 28S | 6 |

**Cure Amounts for**
**Johnson Lands, LLC**
**&**
**Harewood Properties, LLC**

**Johnson Lands, LLC**

| | |
|---|---:|
| A.  2008 Fayette County, WV Property Taxes | $25,015.89 |
| B.  Interest on 2008 Taxes Paid by Johnson Lands, LLC | 244.96 |
| (at Lease rate of Prime + 2% = 5.25% from 7/23/09 to 9/30/09) | |
| C.  2009 Fayette County, WV Property Taxes | 14,393.28 |
| **Total** | **$39,654.13** |

Wiring Instructions for Johnson Lands, LLC

City National Bank
10 Hale Street
Charleston, WV  25301
Telephone (304) 347-2440
ABA Routing No. 051904524
Account No. 3000818081

---

**Harewood Properties, LLC**

| | |
|---|---:|
| A.  2009 Fayette County, WV Property Taxes | $   966.21 |
| **Total** | **$   966.21** |

Wiring Instructions for Harewood Properties, LLC

City National Bank
10 Hale Street
Charleston, WV  25301
Telephone (304) 347-2440
ABA Routing No. 051904524
Account No. 8002766213

| | |
|---|---:|
| **Grand Total** | **$40,749.57** |

## BILL OF SALE

This Bill of Sale (this "Bill of Sale"), dated as of September 30, 2009, is between (i) Strata Safety Products, LLC (the "Seller"), and (ii) Kanawha Energy Company (the "Buyer").

The Seller owns the assets described on Exhibit A attached hereto, made a part hereof, and incorporated herein by reference (the "Assets").

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.    Sale and Assignment.  The Seller does hereby sell, grant, convey, transfer, assign and deliver to the Buyer as of the date hereof, all of its right, title and interest in, to and under all of the Assets.

2.    Purchase Price.  The purchase price for the Assets is $31,365, which shall be delivered to Seller by Buyer simultaneously upon execution hereof.

3.    Binding Effect.  This Bill of Sale shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

4.    Counterparts.  This Bill of Sale may be executed in one or more counterparts (including by means of facsimile or e-mail signature pages) and all such counterparts taken together shall constitute one and the same agreement.

5.    Governing Law; Jurisdiction.  This Bill of Sale shall be governed by and construed according to the laws of the Commonwealth of Kentucky, without regard to or application of its conflict of laws rules.  The parties hereby submit to the exclusive jurisdiction of the state and federal courts sitting in Fayette County, Kentucky with respect to any dispute arising under or related to this Bill of Sale.

6.    Entire Agreement.  All prior negotiations and agreements by and among the parties hereto with respect to the subject matter hereof are superseded by this Bill of Sale, and there are no representations, warranties, understandings or agreements with respect to the subject matter hereof other than those expressly set forth in this Bill of Sale.

7.    Headings.  Section headings are not to be considered part of this Bill of Sale, are solely for convenience of reference, and shall not affect the meaning or interpretation of this Bill of Sale or any provision in it.

8.    Further Assurances.  Each party hereto agrees, upon the reasonable request of the other party hereto (and at such other party's expense), to make, execute and deliver any and all documents or instruments of any kind or character, and to perform all such other actions, that may be reasonably necessary or proper to effectuate, confirm, perform or carry out the terms or provisions of this Bill of Sale.

### [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have caused their authorized representatives to execute this Bill of Sale as of the date first set forth above.

SELLER:                                    STRATA SAFETY PRODUCTS, LLC

                                           By: _____
                                           Title: _____


BUYER:                                     KANAWHA ENERGY COMPANY

                                           By: _____
                                           Title: _____


S-1

## EXHIBIT A

### Assets

**The following cylinders:**

| Unit Serial Number | Model | Tent Ht | Cylinders | |
|---|---|---|---|---|
| | | | Oxygen | Air |
| 452039-01 | M2620 | 3.5 | 8.00 | 7.00 |
| 452040-01 | M2620 | 3.5 | 8.00 | 7.00 |
| 452041-01 | M2620 | 3.5 | 8.00 | 7.00 |
| 452168-01 | M2620 | 3.5 | 6.00 | 7.00 |

September 30, 2009

**ALLOY MINING COMPLEX ACQUISITION**

---

**CLOSING DOCUMENTS**

---

## PARTIES

| | |
|---|---|
| Alex Energy | Alex Energy, Inc. |
| App Fuels | Appalachian Fuels, LLC |
| App Holding | Appalachian Holding Company, Inc. |
| App Premium | Appalachian Premium Fuels, LLC |
| A.T. Massey | A. T. Massey Coal Company, Inc. |
| Boone East | Boone East Development Company |
| Bunch | Bunch & Brock, Counsel for App Fuels |
| CLO | James A. Frazier, III |
| Kanawha Energy | Kanawha Energy Company |
| Kanawha Development | Kanawha Development Corp. |
| LGCR | Lewis, Glasser, Casey & Rollins, LLP, Counsel to Massey |
| Lyndon | Lyndon Property Insurance Company |

| Massey | Massey Energy Company |
| MMLK | McBrayer, McGinnis, Leslie & Kirkland PLLC, Counsel for CLO |
| WVDEP | West Virginia Department of Environmental Protection |
| WTC | Wyatt, Tarrant & Combs, LLP, Counsel for Lyndon |

| DOCUMENTATION | RESPONSIBLE PARTY | PARTIES | STATUS |
|---|---|---|---|
| **Closing Documents** | | | |
| 1.  Asset Purchase Agreement | LGCR | A.T Massey, App Fuels, App Holding, App Premium, Kanawha Development | Done |
| 2.  Assignment of Contracts | MMLK | App Fuels, Kanawha Energy. | |
| 3.  Assignment of Leases | MMLK | App Fuels, Kanawha Development, Kanawha Energy | |
| 4.  Bill of Sale | MMLK | App Premium, Kanawha Energy | |
| 5.  Deed | LGCR | App Fuels, Boone East | |
| 6.  Permit Agreement | MMLK | App Fuels, Kanawha Energy | |

3

| DOCUMENTATION | RESPONSIBLE PARTY | PARTIES | STATUS |
|---|---|---|---|
| **Closing Documents** | | | |
| 7.  Sale Order | Bunch | | Done |
| 8.  Reclamation Transition Agreement | LGCR | App Fuels, WVDEP, and A.T. Massey | |
| 9a.  Agreement for Bond | WTC | Lyndon, Massey, A.T. Massey, Alex Energy and Kanawha Energy | |
| 9b.  Amendment to Agreement for Bond | WTC | Lyndon, Massey, A.T. Massey, Alex Energy and Kanawha Energy | |
| 9c.  Cash Escrow Rider | WTC | Lyndon, Massey, A.T. Massey, Alex Energy and Kanawha Energy | |
| 9d.  Letter of Credit Collateral Agreement Rider | WTC | Lyndon, Massey, A.T. Massey, Alex Energy and Kanawha Energy | |

4

| DOCUMENTATION | RESPONSIBLE PARTY | PARTIES | STATUS |
|---|---|---|---|
| **Closing Documents** | | | |
| 10.  Updated Schedule 4.6 to APA | MMLK | App Fuels | |
| 11.  Bill of Sale – Safety Cylinders | MMLK | Strata Safety Products/Kanawha Energy | |
| 12.  Assignment of Related Agreements | LGCR | A.T. Massey, Kanawha Energy and Boone East | |
| **Other Documents** | | | |
| 1.  Quitclaim Deed from App Land to App Fuels | LGCR | App Land, App Fuels | |
| 2.  Quitclaim Deed from App Resources to App Fuels | LGCR | App Resources, App Fuels | |
| 3.  WVDEP MR-19, COCF Forms | Massey | Massey | |
| 4.  Notice of Transfer – Nuclear Regulatory Commission | LGCR | Massey | |
| 5.  Motion to Sell | Bunch | | Done |

5

| DOCUMENTATION | RESPONSIBLE PARTY | PARTIES | STATUS |
|---|---|---|---|
| **Closing Documents** | | | |
| 6. Certificate of Service to Motion to Sell and any Supplements Thereto | Bunch | | Done |
| 7. Certificate of Service of Advertised Legal Notice | Bunch/LGCR | | Done |
| 8. Agreed Judgment Orders as to Penn Virginia and Kanawha Gauley Adversary Proceedings | Bunch | | Done |
| 9. Right of Entry/Contract Agreement | MMLK/LGCR | App Fuels, Boone East | Done |

6

9/30/2009 1:17 PM

**A. T. MASSEY COAL COMPANY, INC. FUNDS FLOW STATEMENT**          09/30/09
**Transaction to acquire Alloy Mining Complex from Appalachian Fuels, LLC**

**CASH INFLOWS**

| | | |
|---|---|---:|
| A. | A. T. Massey Coal Company | |
| | Purchase Price | $5,112,692 |
| | Cure Amounts - Schedule 2.3(a)(iv) | $12,500 |
| | Cylinders Purchase Price | $31,365 |
| | **Total Cash Inflows at Closing** | |
| | | |
| | | $5,156,557 |

**CASH OUTFLOWS**

| | | | | |
|---|---|---:|---:|---|
| 1 | Payment to Seller | | | |
| | <u>CALCULATION OF ESTIMATED CASH PURCHASE PRICE</u> | | | |
| | Base cash consideration | $5,112,692 | | |
| | Reclamation Escrow Account | (1,129,192.00) | | |
| | Cure Amounts - Schedule 2.3(a)(iv) | 12,500.00 | | |
| | TOTAL CLOSING CASH CONSIDERATION PAYABLE TO SELLER | | 3,996,000.00 | (A) |

| | | |
|---|---|---:|
| A. | **Payment to Appalachian Fuels, LLC** | |
| 1. | Wire to: Central Bank & Trust Co. | 3,996,000.00 |
| | 300 West Vine Street | |
| | Lexington, KY  40507 | |
| | Appalachian Fuels, LLC Debtor in Possession | |
| | 201 E. Main Street, Suite 1000 | |
| | Lexington, KY  40507 | |
| | Account No. 10511832 | |
| | ABA No. 042100146 | |
| | Telephone No:  (859) 253-6160 | |
| | | |
| 2. | **Payment to Bunch & Brock - Reclamation Escrow Funds** | 1,129,192.00 |
| | Wire to:  National City Bank | |
| | Address: Lexington, KY | |
| | Depository Bank: National City Bank | |
| | ABA No.:  080000056 | |
| | Account No.: 71106391 | |
| | Account Name:  Bunch & Brock | |
| | | |
| 3. | **Payment to Strata Safty Products** | |
| | Wire to: Branch Banking & Trust | 31,365.00 |
| | Address: P.O. Box 925, Charleston, WV  25323-0925 | |
| | Depository Bank: Branch Banking & Trust Company | |
| | ABA No.: #051503394 | |
| | Account No.: 5175451945 | |
| | Name on account (if different): Strata Safety Products LLC | |
| | | |
| | | $5,156,557 |
| | **Total** | |

(A)  Appalachian Fuels to wire transfer or cut checks for cure amounts to lessors
including:  Big Creek Land - $7,500; WV Environmental - $5,000, Johnson Lands
and Harewood Properties - $40,749.57

9/30/2009 1:17 PM

**A. T. MASSEY COAL COMPANY, INC. FUNDS FLOW STATEMENT**    09/30/09
**Transaction to acquire Alloy Mining Complex from Appalachian Fuels, LLC**

Acknowledged and agreed:

Appalachian Fuels, LLC

By:
James H. Frazier, Chief Liquidating Officer

Kanawha Energy Company

By:
Michael D. Bauersachs, Authorized Agent

<u>ASSIGNMENT OF CONTRACTS</u>

THIS ASSIGNMENT OF CONTRACTS (this "<u>Assignment of Contracts</u>") is entered into and effective as of the 30th day of September, 2009, by and between **APPALACHIAN FUELS, LLC** ("<u>Seller</u>") and **KANAWHA ENERGY COMPANY** ("<u>Asset Buyer</u>").   Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Purchase Agreement (hereinafter defined).

WHEREAS, Seller and A. T. Massey Coal Company, Inc. are parties to an Asset Purchase Agreement dated as of September 3, 2009 (the "<u>Purchase Agreement</u>"); and

WHEREAS, the execution and delivery of this Assignment of Contracts is contemplated by Article 3 of the Purchase Agreement.

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth in the Purchase Agreement, the parties hereto hereby agree as follows:

1.       <u>Assignment of Executory Contracts</u>.  As of the date hereof, Seller hereby assigns, and Asset Buyer hereby assumes each of the Executory Contracts as scheduled and upon the terms and conditions set forth in the Purchase Agreement.

2.       <u>Further Assurances</u>.  Sellers shall, from time to time after the delivery of this Assignment of Contracts, at Asset Buyer's reasonable request and without further consideration, execute and deliver such further documents or instruments as may be reasonably required to more effectively evidence and confirm the assignment of the Executory Contracts and the Non-Executory Contracts to Asset Buyer.

3.       <u>Conflict with the Purchase Agreement</u>.  This Assignment of Contracts is controlled by the terms of the Purchase Agreement, including all of the representations, warranties, covenants, indemnities and agreements set forth in the Purchase Agreement. In the event of a conflict between the terms and conditions of this Assignment of Contracts and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

4.       <u>Notices</u>.  Any notice, request or other document to be given hereunder to any party hereto shall be given in the manner specified in <u>Section 12.2</u> of the Purchase Agreement.  Any party hereto may change its address for receiving notices, requests and other documents by giving written notice of such change to the other parties hereto.

5.       <u>Amendments</u>.  This Assignment of Contracts may not be amended or modified except by an instrument in writing signed by, or on behalf of, Sellers and Asset Buyer.

6.       <u>Counterparts</u>.  This Assignment of Contracts may be executed in one or more counterparts, each of which when executed shall be deemed to be an original but all of which together shall constitute one and the same agreement.  Delivery of an executed

counterpart of a signature page to this Assignment of Contracts by facsimile machine or electronic mail (including PDF) shall be treated in all manner and respects as an original contract and shall be considered to have the same binding legal effects as if it were the original signed version thereof delivered in person. No party hereto shall raise the use of a facsimile machine or electronic mail (including PDF) to deliver a signature or the fact that any signature was transmitted or communicated through the use of facsimile machine or electronic mail (including PDF) as a defense to the formation of a contract and each such party forever waives any such defense.

7.    Governing Law.  This Assignment of Contracts shall be governed by and construed in accordance with the laws of the State of West Virginia without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of West Virginia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of West Virginia.

8.    No Third Party Beneficiaries.  This Assignment of Contracts shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns, and nothing herein, express or implied, is intended to or shall confer upon any other Person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Assignment of Contracts.

*[The remainder of this page is left intentionally blank.]*

IN WITNESS WHEREOF, the parties hereto have caused this Assignment of Contracts to be duly executed as of the day and year first above written.

Sellers:

APPALACHIAN FUELS, LLC

By: _____

Its: _____

Buyer:

KANAWHA ENERGY COMPANY

By: _____

Its:  Michael D. Bauersachs,
      Authorized Agent

*Assignment of Contracts*

ASSIGNMENT OF LEASES

THIS ASSIGNMENT OF LEASES (this "Assignment of Leases") is entered into and effective as of the 30th day of September, 2009, by and between **APPALACHIAN FUELS, LLC** and **KANAWHA DEVELOPMENT CORP.** ("Assignor") and **KANAWHA ENERGY COMPANY** as ("Assignee"). Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Purchase Agreement (hereinafter defined).

WHEREAS, Assignor and A.T. Massey Coal Company, Inc. are parties to an Asset Purchase Agreement dated as of September 3 2009 (the "Purchase Agreement"); and

WHEREAS, the execution and delivery of this the assignment of certain Leases is contemplated by Article 3 of the Purchase Agreement; and

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth in the Purchase Agreement, the parties hereto hereby agree as follows:

1.    Assignment of Assigned Leases. As of the date hereof, Assignor hereby assigns, and Assignee hereby assumes the obligations and liabilities thereunder that arise on and after the date of this Assignment of Leases, the Assigned Leases as more particularly described in Exhibit A attached hereto, upon the terms and conditions set forth in the Purchase Agreement..

2.    Further Assurances. Assignee shall, from time to time after the delivery of this Assignment of Leases at Assignor's reasonable request and without further consideration, execute and deliver such further documents or instruments as may be reasonably required to more effectively evidence and confirm the assignment of the Assigned Leases by Assignor as contemplated under the Purchase Agreement. Assignor shall, from time to time after the delivery of this Assignment of Leases, at Assignee's reasonable request and without further consideration, execute and deliver such further documents or instruments as may be reasonably required to more effectively evidence and confirm the assignment of the Assigned Leases to Assignee.

3.    Conflict with the Purchase Agreement. This Assignment of Leases is controlled by the terms of the Purchase Agreement, including all of the representations, warranties, covenants, and agreements set forth in the Purchase Agreement. In the event of a conflict between the terms and conditions of this Assignment of Leases and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

4.    Notices. Any notice, request or other document to be given hereunder to any party hereto shall be given in the manner specified in Section 12.2 of the Purchase

Agreement.  Any party hereto may change its address for receiving notices, requests and other documents by giving written notice of such change to the other parties hereto.

5.    Amendments.    This Assignment of Leases may not be amended or modified except by an instrument in writing signed by, or on behalf of, Assignors and Assignee.

6.    Counterparts.  This Assignment of Leases may be executed in one or more counterparts, each of which when executed shall be deemed to be an original but all of which together shall constitute one and the same agreement.  Delivery of an executed counterpart of a signature page to this Assignment of Lease by facsimile machine or electronic mail (including PDF) shall be treated in all manner and respects as an original contract and shall be considered to have the same binding legal effects as if it were the original signed version thereof delivered in person.  No party hereto shall raise the use of a facsimile machine or electronic mail (including PDF) to deliver a signature or the fact that any signature was transmitted or communicated through the use of facsimile machine or electronic mail (including PDF) as a defense to the formation of a contract and each such party forever waives any such defense.

7    Governing Law.  This Assignment of Lease shall be governed by and construed in accordance with the laws of the State of West Virginia without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of West Virginia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of West Virginia.

8.    No Third Party Beneficiaries.  This Assignment of Leases shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns, and nothing herein, express or implied, is intended to or shall confer upon any other Person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Assignment of Lease.

*[The remainder of this page is left intentionally blank.]*

IN WITNESS WHEREOF, the parties hereto have caused this Assignment of Leases to be duly executed as of the day and year first above written.

**Assignor:**

APPALACHIAN FUELS, LLC

By: _____

Its: _____

KANAWHA DEVELOPMENT CORP.

By: _____

Its: _____

**Assignee:**

KANAWHA ENERGY COMPANY

By: _____

Its:  Michael D. Bauersachs,
      Authorized Agent

**STATE OF** _Kentucky_ ,

**COUNTY OF** _Fayette_ , to-wit:

The foregoing instrument was acknowledged before me this 25th day of September 2009, by **James H. Frazier,** the duly authorized officer of **APPALACHIAN FUELS, LLC,** by and for the limited liability company.

My commission expires: _____11-2-11_____.

_____
Notary Public

*Assignment of Lease*
Page 3 of 7

STATE OF _Kentucky_,

COUNTY OF _Fayette_, to-wit:

The foregoing instrument was acknowledged before me this 30th day of _September_ 2009, by **James H. Frazier,** the duly authorized officer of **KANAWHA DEVELOPMENT CORP.** by and for the corporation.

My commission expires: _11-2-11_.

_____
Notary Public

STATE OF _Kentucky_,

COUNTY OF _Fayette_, to-wit:

The foregoing instrument was acknowledged before me this 30th day of _September_ 2009, by **Michael D. Bauersachs,** the duly authorized agent of **KANAWHA ENERGY COMPANY**, a Virginia corporation, by and for the corporation.

My commission expires: _8/14/2011_.

_____
Notary Public

Exhibit A

# LEASED REAL PROPERTY

| Lessee | Area | Lessor | Date |
|---|---|---|---|
| KANAWHA DEVELOPMENT CORPORATION | BIG CREEK | HOBBS, JAMES A. ET AL (wtrg only) | 02/13/1990 |
| KANAWHA DEVELOPMENT CORPORATION | BIG CREEK | JOHNSON LANDS, LLC | 01/01/1999 |
| KANAWHA DEVELOPMENT CORPORATION | BIG CREEK | HAREWOOD PROPERTIES (MULLINS COAL) | 01/02/1990 |
| KANAWHA DEVELOPMENT CORPORATION | BIG CREEK | NORFOLK SOUTHERN RAILWAY COMPANY | 04/20/1977 |
| APPALACHIAN FUELS, LLC | MT CARBON | JIMSON, INC. | 5/1/2007 |
| APPALACHIAN FUELS, LLC | ALLOY | WEST VIRGINIA ENVIRONMENTAL SERVICES, INC. | 2/13/2008 |
| APPALACHIAN FUELS, LLC | BIG CREEK | BELMONT, NICHOLAS AND MONICA | 11/29/2005 |
| APPALACHIAN FUELS, LLC | BIG CREEK | BIG CREEK LAND COMPANY | 4/28/2006 |

<u>BILL OF SALE</u>

THIS BILL OF SALE (this "<u>Bill of Sale</u>") is entered into and effective as of the 30th day of September, 2009, by and between **APPALACHIAN PREMIUM FUELS, LLC** ( "<u>Seller</u>") and **KANAWHA ENERGY COMPANY** ("<u>Asset Buyer</u>"). Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Purchase Agreement (hereinafter defined).

WHEREAS, Sellers and A.T. Massey Coal Company, Inc. are parties to an Asset Purchase Agreement dated as of September 3, 2009 (the "<u>Purchase Agreement</u>"); and

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth in the Purchase Agreement, the parties hereto hereby agree as follows:

1.      <u>Sale of Purchased Assets</u>. For true and lawful consideration paid to it by Asset Buyer, the sufficiency of which is hereby acknowledged effective as of the date hereof, Sellers hereby sell, assign, transfer, convey and deliver to Asset Buyer all right, title and interest in and to the Purchased Assets, including, but not limited to, those, attached hereto as <u>Exhibit A</u>, and excepting Real Property, Executory Contracts, Non-Executory Contracts and Permits all of which are conveyed by Sellers to Asset Buyer by the other agreements, assignments and deeds of even date herewith, free and clear of all Liens other than Permitted Liens. Sellers expressly do not sell, assign, transfer, convey or deliver any asset that is an Excluded Asset.

2.      <u>Further Assurances</u>. Sellers shall from time to time after the delivery of this Bill of Sale, at Asset Buyer's reasonable request and without further consideration, execute and deliver such other instruments of conveyance and transfer, consents, bills of sale, assignments and assurances presented by Asset Buyer as reasonably necessary to more effectively consummate, confirm or evidence the sale, assignment, transfer, conveyance and delivery to Asset Buyer of the Purchased Assets as contemplated under the Purchase Agreement.

3.      <u>Conflict with the Purchase Agreement</u>. The sale, assignment, transfer, conveyance and delivery of the Purchased Assets made hereunder are made in accordance with the Purchase Agreement (including, without limitation, the representations, warranties, covenants, agreements and indemnities contained therein), which is incorporated herein by reference. In the event of a conflict between the terms and conditions of this Bill of Sale and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

4.      <u>Power of Attorney</u>. Sellers hereby appoint Asset Buyer, its directors, officers, successors and assigns, as its true and lawful attorney, each with the full power of substitution, to act in its name and on its behalf with respect to the collection or reduction to possession of any of the Purchased Assets and to execute any documents and instruments and to do all such other acts and things as may be necessary to effectuate the

foregoing. Sellers further authorize Asset Buyer and its stockholders, directors, officers, successors and assigns to receive and open all mail, telegrams, packages, electronic mail and other communications that are addressed to Sellers and that relate to the Purchased Assets, and to reply to and retain such communications. The preceding sentence constitutes full authorization to the postal authorities, express courier companies and other persons to make delivery of such communications directly to Asset Buyer or to persons specified by Asset Buyer. Sellers confer this authority upon Asset Buyer and its stockholders, directors, officers, successors and assigns on the condition that Asset Buyer shall promptly forward to Sellers all such mail, telegrams, electronic mail and other communications that do not relate solely to the Purchased Assets.

5.      <u>Notices</u>. Any notice, request or other document to be given hereunder to any party hereto shall be given in the manner specified in <u>Section 12.2</u> of the Purchase Agreement. Any party hereto may change its address for receiving notices, requests and other documents by giving written notice of such change to the other parties hereto.

6.      <u>Enforceability</u>. If any provision of this Bill of Sale or the application of any such provision to any person or circumstance shall be held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality or unenforceability shall not effect any other provision hereof.

7.      <u>Counterparts</u>. This Bill of Sale may be executed in one or more counterparts, each of which when executed shall be deemed to be an original but all of which together shall constitute one and the same agreement. Delivery of an executed counterpart of a signature page to this Bill of Sale by facsimile machine or electronic mail (including PDF) shall be treated in all manner and respects as an original contract and shall be considered to have the same binding legal effects as if it were the original signed version thereof delivered in person. No party hereto shall raise the use of a facsimile machine or electronic mail (including PDF) to deliver a signature or the fact that any signature was transmitted or communicated through the use of facsimile machine or electronic mail (including PDF) as a defense to the formation of a contract and each such party forever waives any such defense.

8.      <u>Governing Law</u>. This Bill of Sale shall be governed by and construed in accordance with the laws of the State of West Virginia without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of West Virginia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of West Virginia.

9.      <u>No Third Party Beneficiaries</u>. This Bill of Sale shall be binding upon and inure solely to the benefit of the parties hereto and their respective successors and assigns and nothing herein, express or implied, is intended to or shall confer upon any other Person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Bill of Sale.

IN WITNESS WHEREOF, the parties hereto have caused this Bill of Sale to be duly executed as of the day and year first above written.

Sellers:

APPALACHIAN PREMIUM FUELS, LLC

By: _____

Its: _____

KANAWHA ENERGY COMPANY

By: _____

Its:  Michael D. Bauersachs,
       Authorized Agent

Exhibit A

## APPALACHIAN PREMIUM FUELS, LLC, SELLER

| | UNIT# | DATE ACQUIRED | SERIAL# | DESCRIPTION | LOCATION |
|---|---|---|---|---|---|
| 1 | M8315 | 06/30/04 | 2M2P20SC4JD001007 | MACK WATER TRUCK | Alloy Dock |
| 2 | 01-4317 | 11/14/03 | 9TC04317 | D6N Dozer | Alloy Dock |
| 3 | 02-05449 | 10/16/07 | MJP00449 | CAT 226B SKID STEER LOADER | Alloy Dock |
| 4 | M1047 | 03/05/03 | 3XC04161 | D7H LGP Dozer | Alloy Dock |
| 5 | 02-05074 | 01/29/03 | MJH05074 | CAT 226B SKID STEER LOADER | Alloy Prep Plant |
| 6 | 17-33346 | 01/01/06 | PC9133346 | 8" 20HP 460V PUMP | Alloy Prep Plant |
| 7 | 18-4054 | 10/27/04 | 8323/4054 | 125KW Generator Cat Engine3304 | Alloy Prep Plant |
| 8 | 46-8094 | 10/31/08 | AFE8094 | ASH ANALYZER | Alloy Prep Plant |
| 9 | 18-44273 | 11/14/03 | | Coal Preparation Plant | Alloy Prep Plant |
| 10 | 18-7042 | 09/30/08 | AFE7042 | REFUSE CONVEYOR ALLOY PREP | Alloy Prep Plant |
| 11 | 38-8045 | 07/31/08 | AFE 8045 | ALLOY CRUSHER | Alloy Prep Plant |
| 12 | 35-11825 | 11/26/08 | 60-11825 | 94-63' OFFICE TRAILER | APF G&A |
| 13 | | | | all spare parts and supplies on site | Alloy Prep Plant |
| 14 | | | | all pumps, sumps, steel structure etc on site | Alloy Prep Plant |
| 15 | | | | all new pipe components on site | Alloy Prep Plant |
| 16 | | | | all welders, tools & air components on site | Alloy Prep Plant |
| 17 | | | | all used print components on site | Alloy Prep Plant |
| 18 | 05-04917 | 09/09/08 | 2FZAAKAX92AK04917 | STERLING MECHANICS TRUCK | Fourmile Fork |
| 19 | 45-11719 | 02/22/06 | 1G9M7H1JF61111719 | 94 GMC C70 SALTDUMP TRUCK | Fourmile Fork |
| 20 | M9655 | 12/19/03 | 1GDK7H1CX2J901734 | 02 C8500 Mechanics Truck | Fourmile Fork |
| 21 | M0026 | 02/22/05 | 1M2P27?BC8XM002206 | 1999 Mack RD688SX FuelLubeTrk | Fourmile Fork |
| 22 | 13-00840 | 04/28/08 | 03LA00940 | CAT TH?200I TELESCOPIC HANDLER | Fourmile Fork |
| 23 | 13-03588 | 02/23/07 | TML03-588 | GENIE LIGHTTOWER 6000N | Fourmile Fork |
| 24 | 15-0514 | 02/06/04 | 2705133JH823 | L6-49H Light Plant | Fourmile Fork |
| 25 | 15-5093 | 02/09/04 | 27829SUPH923 | L6-49H Light Plant | Fourmile Fork |
| 26 | 38-41187 | 07/31/03 | | Portable Crusher | Fourmile Fork |
| 27 | 49-05199 | 11/01/05 | 05198 | APOLLO HEAVY DUTY ZEUS SCALE | Fourmile Fork |
| 28 | 46-47431 | 11/01/05 | | Scale & Sampling System | Fourmile Fork |
| 29 | 46-47440 | 11/14/03 | | Two Stage Sampling System | Fourmile Fork |
| 30 | 59-009 | 10/20/04 | | 42" x 150' Radial Stacker | Fourmile Fork |
| 31 | 7-4428 | 11/14/03 | JN4428 | 14 CM15 Miner | Fourmile Fork |
| 32 | 35-1154 | 03/12/08 | MMS99-1154 | PAC-VAN 12X60 MOBILE OFFICE | Powellton |
| 33 | 35-1155 | 03/12/08 | MMS99-1155 | PAC-VAN 12X60 MOBILE OFFICE | Powellton |
| 34 | 33-50285 | 11/26/06 | 30285 | 01-60' OFFICE TRAILER | Powellton |
| 35 | 52-6007 | 03/01/06 | PCM203623 | 480/130 RADIAL STACKER | Powellton |
| 36 | 8023 | 11/25/06 | AFE 8023 | 20 MAN SAFETY SHELTER | Powellton |
| 37 | 19-0426 | 03/01/06 | 34835-/22112-0405 | MCI 6000KVA SUBSTATION | Powellton |
| 38 | 24-5316 | 01/10/09 | JM5316 | JOY 14D MINER | Powellton |
| 39 | 33-6002 | 04/01/06 | AFE6002 | CANOPIES BUILT BY HHM SHOP | Powellton |
| 40 | 33-6016 | 03/01/06 | AFE6016 | RIVER PUMP & SCOOP PIPING | Powellton |
| 41 | 33-6007 | 09/30/08 | AFE6007 | 300 EIMCO 12MAN MANTRIP | Powellton |
| 42 | 33-6098 | 07/31/08 | AFE6098 | EIMCO WVA RAILRUNNER | Powellton |
| 43 | 40-13442 | 07/31/08 | 13442 | STAMLER BF14 FEEDER | Powellton |
| 44 | 40-10548 | 03/01/09 | 10548 | BF-17 DOGARD STAMLER FEEDER | Powellton |
| 45 | 49-16586 | 09/30/08 | E116586 | 10SC32 SHUTTLE CAR | Powellton |
| 46 | 49-16557 | 09/30/08 | E116557 | 10SC32 SHUTTLE CAR | Powellton |
| 47 | 49-84013 | 09/12/08 | 2054-013 | 10SC32A SHUTTLE CAR | Powellton |
| 48 | 49-84014 | 10/08/08 | 2054-014 | 10SC32A SHUTTLE CAR | Powellton |
| 49 | 49-84015 | 11/03/08 | 2054-015 | 10SC32 SHUTTLE CAR | Powellton |
| 50 | 50-33501 | 09/30/08 | T339-501 | FAIRCHILD 35C WORKHORSE SCOOP | Powellton |
| 51 | 52-8147 | 09/30/08 | AFE8147 | BELT DRIVE STARTER & TAKEUP | Powellton |
| 52 | 52-8201 | 12/31/08 | AFE8201 | DUAL 150HP BELT DRIVE STARTER | Powellton |
| 53 | 52-4005 | 12/01/08 | AFE6205 | 200HP 48' BELT DRIVE | Powellton |
| 54 | 52-8206 | 01/31/09 | PC#236969 | DUAL 150HP BELT DRIVE STARTER | Powellton |
| 55 | 57-1429 | 04/10/08 | 2001-429 | C00150CF REBUILT RINI BOLTER | Powellton |
| 56 | 46-05191 | 10/01/05 | 05191 | APOLLO HEAVY DUTY ZEUS SCALE | Powellton |
| 57 | | | 62608-3611 | Section Power Center- Transformer Down | Powellton |
| 58 | 44-29724 | 6/7/2008 | 4V2JC06E2RR909724 | 04 VOLVO BOOM TRUCK | Powellton |
| 59 | M2065 | 12/13/04 | 93X09081 | 980C Loader | Powellton |
| 60 | | | | 43 parts & supplies on site | Powellton |
| 61 | | | | all track and truck components on site | Powellton |
| 62 | | | | all electrical cables and components on site | Powellton |
| 63 | | | | all belt lines and components on site | Powellton |
| 64 | | | | all waterlines and components on site | Powellton |
| 65 | | | | Mine Lite shelter-combo | Coalburg Deep Mine |
| 66 | | | | WV Mining Equipment Rail Runner | Coalburg Deep Mine |
| 67 | | | | EIMCO WVA RAILRUNNER | Coalburg Deep Mine |
| 68 | | | | Single 42" Pony Drive, 60 HP | Coalburg Deep Mine |
| 69 | | | | 1500 KVA substation outside | Coalburg Deep Mine |
| 70 | | | | Stacker belt | Coalburg Deep Mine |
| 71 | 6073-22 | 08/25/06 | | Dowds Trailer Office | Coalburg Deep Mine |
| 72 | 6073-23 | 08/25/06 | | Office Trailer Pac Van | Coalburg Deep Mine |
| 73 | 6073-24 | 08/25/06 | | Oil Bldg Metal Gen Storage Bld | Coalburg Deep Mine |
| 74 | 6073-9 | 08/25/06 | | Drop Storage Trailer | Coalburg Deep Mine |
| 75 | 6073-25 | 08/25/06 | | Case Fork Truck | Coalburg Deep Mine |
| 76 | 17-41806 | 01/15/07 | 41806-12 | Submersible Pump w/Flange | Coalburg Deep Mine |
| 77 | 17-41807 | 01/15/07 | 41807-12 | Submersible Pump w/Flange | Coalburg Deep Mine |
| 78 | 19-0701 | 04/25/06 | 33839-57444-0701 | Splitter MCI | Coalburg Deep Mine |
| 79 | 18-1095 | 08/25/06 | 41108-1095 | Belt Xformer MCI 300 KVA Monit | Coalburg Deep Mine |
| 80 | 33-028 | 08/25/06 | SCM028 | NON PERMISSIBLE 2PERSONNEL CAR | Coalburg Deep Mine |
| 81 | 33-165850 | 10/11/06 | PC8165850 | AL LEE 2 MAN RM 20,12 MANTRIP | Coalburg Deep Mine |
| 82 | 33-34803 | 03/12/09 | PC#234803 | BALLAST CAR | Coalburg Deep Mine |
| 83 | 33-39131 | 03/12/09 | 439131 | GOODMAN 15 TON LOCOMOTIVE | Coalburg Deep Mine |
| 84 | 33-6848 | 08/31/06 | 7A-16348KR | 10 MAN ARMOR SHELTER | Coalburg Deep Mine |
| 85 | 33-7038 | 04/01/06 | PDF180799 | 20 MAN SAFETY SHELTER | Coalburg Deep Mine |
| 86 | 33-7040 | 04/01/06 | PDF180792 | 20 MAN SAFETY SHELTER | Coalburg Deep Mine |
| 87 | 50-39500 | 08/31/08 | T339-500 | FAIRCHILD 35C WORKHORSE SCOOP | Coalburg Deep Mine |
| 88 | 52-6056-1 | 08/01/06 | AFE6056-1 | DUAL 48' BELT DRIVE 400HP | Coalburg Deep Mine |
| 89 | 52-6056-2 | 08/01/06 | AFE6056-2 | DUAL 48' BELT DRIVE 400HP | Coalburg Deep Mine |
| 90 | 52-7049 | 08/01/06 | AFE 7049 | 48" BELT DRIVE | Coalburg Deep Mine |
| 91 | 52-8099 | 07/31/08 | AFE8099 | DUAL 42' 200HP BELT DRIVE | Coalburg Deep Mine |
| 92 | 52-8197 | 12/01/08 | AFE8197 | 48" 250HP BELT DRIVE | Coalburg Deep Mine |
| 93 | 57-83225 | 04/10/08 | 83225 | C00185E RINI BOLTER | Coalburg Deep Mine |
| 94 | 6073-1 | 08/25/06 | 4144 | 72" Howden Buffalo Fan MN7209 | Coalburg Deep Mine |
| 95 | 6073-10 | 08/25/06 | | Surface Supply Pump | Coalburg Deep Mine |
| 96 | 6073-11 | 08/25/06 | | Section Booster Pump | Coalburg Deep Mine |
| 97 | 6073-12 | 08/25/06 | | 2-P20 Pump | Coalburg Deep Mine |
| 98 | 6073-13 | 08/25/06 | | 1-2 1/2 HP Pump | Coalburg Deep Mine |
| 99 | 6073-14 | 08/25/06 | | 1-P40 Pump | Coalburg Deep Mine |
| 100 | 6073-15 | 08/25/06 | | Cable Car | Coalburg Deep Mine |
| 101 | 6073-16 | 08/25/06 | | Plaster Machine | Coalburg Deep Mine |
| 102 | 6073-17 | 08/25/06 | | 3 Elep AL Lee Duster | Coalburg Deep Mine |
| 103 | 6073-18 | 08/25/06 | | Supply Car | Coalburg Deep Mine |
| 104 | 6073-2 | 08/25/06 | GE-Q118370-TYH | SUBSTATION 3750 KVA | Coalburg Deep Mine |
| 105 | 6073-21 | 08/25/06 | | Fan Housing | Coalburg Deep Mine |
| 106 | 6073-28 | 08/25/06 | | Johnson-11Man Trip | Coalburg Deep Mine |
| 107 | 6073-3 | 08/25/06 | | 48' BELT DRIVE, TAIL & STARTER | Coalburg Deep Mine |
| 108 | 6073-4 | 08/25/06 | | 48"DROPBOTTOM STRUCTURE & BELT | Coalburg Deep Mine |
| 109 | 6073-7 | 08/25/06 | | Power Distribution Centers | Coalburg Deep Mine |
| 110 | 33-81822 | 10/17/07 | E8180-2 | A.L. LEE RM-25-10 MANTRIP | Coalburg Deep Mine |
| 111 | 06-2764 | 11/14/2003 | 93U02764 | 16G Grade | Coalburg Deep Mine |
| 112 | | | | all parts & supplies on site | Coalburg Deep Mine |
| 113 | | | | all track and truck components on site | Coalburg Deep Mine |
| 114 | | | | all electrical cables and components on site | Coalburg Deep Mine |
| 115 | | | | all belt lines and components on site | Coalburg Deep Mine |
| 116 | | | | all waterlines and components on site | Coalburg Deep Mine |
| 117 | | | | #1 Belt Drive, kron 150 moto drive | Coalburg Deep Mine |
| 118 | 33-99000038 | 05/01/07 | WD#99000033 | CHANGING TRAILER | Eagle #1 Deep Mine |
| 119 | 22520 | 03/09/06 | N/A | 42" x 60' Radial Stacker | Eagle #1 Deep Mine |
| 120 | 22-11698 | 11/01/06 | 11698 | Rebuilt BF17 Stamler Feeder | Eagle #1 Deep Mine |
| 121 | 33-16586? | 10/11/08 | E8934 | AL LEE RM26 10 PERSON MANTRIP | Eagle #1 Deep Mine |
| 122 | 33-165854 | 10/11/06 | PC8165854 | AL LEE RM20 10 PERSON MANTRIP | Eagle #1 Deep Mine |
| 123 | 33-7039 | 04/01/08 | PC8180801 | 20 MAN SAFETY SHELTER | Eagle #1 Deep Mine |
| 124 | 49-2123 | 10/31/08 | PM2123 | REBUILT JOY 21SC SHUTTLE CAR | Eagle #1 Deep Mine |
| 125 | AM-0005 | 05/31/08 | AM40-0005 | SPARTAN FEEDER | Eagle #1 Deep Mine |
| 126 | 17-00167 | 07/14/06 | 00167 | KOSHN (KOH-80) 3" PUMP | Eagle #1 Deep Mine |
| 127 | 33-41155 | 08/01/03 | 93-100-1 | Underground Fan | Eagle #1 Deep Mine |
| 128 | | | | | |

After recordation, return to
Lewis Glasser Casey & Rollins PLLC
PO Box 1746
Charleston, West Virginia 25326

**THIS QUITCLAIM DEED** is made and entered into this 30th day of September, 2009, by and between **Appalachian Fuels, LLC**, a Kentucky limited liability company, party of the first part; and **Boone East Development Company**, a West Virginia corporation, party of the second part.

## W I T N E S S E T H:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which is hereby acknowledged, the party of the first part does hereby **GRANT** and **CONVEY** unto the party of the second part all the surface of that certain lot, tract or parcel of land, together with the improvements thereon and the appurtenances thereunto belonging, situate in, Fayette County, West Virginia, and being more particularly described on <u>Exhibit A</u> attached hereto and made a part hereof.

This conveyance is made **SUBJECT TO** such covenants, conditions, restrictions, reservations, easements and rights of way as set forth or referred to in the deed to the party of the first part as referenced above, as appear in the chain of title, and any customary rights of way and easements on the ground or established by use.

This conveyance is further made **SUBJECT TO** the *ad valorem* real estate taxes for the year 2009, which shall be prorated on a calendar year basis between the party of the first part and the party of the second part; and all subsequent years.

Reference is hereby made to the foregoing instruments, maps, plats, declarations and such other instruments recorded in the Clerk's office, for a further and more particular description of the real property conveyed hereby, and for a description of the rights, interests, duties and obligations of the party of the second part, its successors and assigns.

**DECLARATION OF RESIDENCY:** The undersigned party of the first part hereby declares that it is a resident entity of the State of West Virginia for the purposes of West Virginia Code § 11-21-71b, as amended, at the time of the transfer of the property completed hereby.

**DECLARATION OF CONSIDERATION OR VALUE:** The party of the first part as grantor does hereby declare that the consideration for the real property hereby conveyed is $100.00

**WITNESS** the following signature and seal:

**APPALACHACHIAN FUELS, LLC**

By: *James H. Frazier III*

Its: *Chief Legreal Officer*

**STATE OF** *Kentucky*,

**COUNTY OF** *Fayette*, **to-wit:**

The foregoing instrument was acknowledged before me this 30th day of September, 2009, by *James H. Frazier III*, the duly authorized officer of *Appalachian Fuels LLC a CLO*, by and for the *Company*.

My commission expires: *11-2-11*.

Notary Public

The foregoing instrument was prepared by Ann Starcher, Esq., Lewis Glasser Casey & Rollins PLLC, P. O. Box 1746, Charleston, W. Va., 25326.

## EXHBIT A

| Description- Location | Ticket | Book | Page | Map | Par |
|---|---|---|---|---|---|
| Pt. Lot 17 Boomer | 6326638 | 475/499 | 493/218 | 28S | 6 |

After recordation, return to
Lewis Glasser Casey & Rollins PLLC
PO Box 1746
Charleston, West Virginia 25326

---

**THIS QUITCLAIM DEED** is made and entered into this 30th day of September, 2009, by and between **Appalachian Fuels, LLC,** a Kentucky limited liability company, party of the first part; and **Boone East Development Company,** a West Virginia corporation, party of the second part.

## W I T N E S S E T H:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which is hereby acknowledged, the party of the first part does hereby **GRANT** and **CONVEY** unto the party of the second part all the surface of that certain lot, tract or parcel of land, together with the improvements thereon and the appurtenances thereunto belonging, situate in, Fayette County, West Virginia, and being more particularly described on Exhibit A attached hereto and made a part hereof.

This conveyance is made **SUBJECT TO** such covenants, conditions, restrictions, reservations, easements and rights of way as set forth or referred to in the deed to the party of the first part as referenced above, as appear in the chain of title, and any customary rights of way and easements on the ground or established by use.

This conveyance is further made **SUBJECT TO** the *ad valorem* real estate taxes for the year 2009, which shall be prorated on a calendar year basis between the party of the first part and the party of the second part; and all subsequent years.

Reference is hereby made to the foregoing instruments, maps, plats, declarations and such other instruments recorded in the Clerk's office, for a further and more particular description of the real property conveyed hereby, and for a description of the rights, interests, duties and obligations of the party of the second part, its successors and assigns.

**DECLARATION OF RESIDENCY:** The undersigned party of the first part hereby declares that it is a resident entity of the State of West Virginia for the purposes of West Virginia Code § 11-21-71b, as amended, at the time of the transfer of the property completed hereby.

**DECLARATION OF CONSIDERATION OR VALUE:** The party of the first part as grantor does hereby declare that the consideration for the real property hereby conveyed is $100.00

**WITNESS** the following signature and seal:

**APPALACHAIN FUELS, LLC**

By: _James H. Frazier III_

Its: _Chief Liquidating Officer_

**STATE OF** _Kentucky_ ,

**COUNTY OF** _Fayette_ , to-wit:

The foregoing instrument was acknowledged before me this 30th day of September, 2009, by _James H. Frazier, III_ , the duly authorized officer of _Appalachian Fuels, LLC_ a _CLO_ , by and for the _Company_ .

My commission expires: _11-2-11_ .

_Notary Public_

The foregoing instrument was prepared by Ann Starcher, Esq., Lewis Glasser Casey & Rollins PLLC, P. O. Box 1746, Charleston, W. Va., 25326.

## EXHBIT A

| Description- Location | Ticket | Book | Page | Map | Par |
|---|---|---|---|---|---|
| Fee .474/Boomer Br. | 6330712 | 457 | 261 | 29 | 3 |

## PERMIT AGREEMENT

THIS PERMIT AGREEMENT ("Permit Agreement") is entered into and effective as of the 30th day of September, 2009, by and between **APPALACHIAN FUELS, LLC** ("Seller") and **KANAWHA ENERGY COMPANY** ("Buyer"). Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Purchase Agreement (hereinafter defined).

WHEREAS, Seller and A. T. Massey Coal Company, Inc., the parent company of Buyer, are parties to an Asset Purchase Agreement dated as of September 3, 2009 (the "Purchase Agreement"); and

WHEREAS, the execution and delivery of this Permit Agreement is contemplated by Article 3 of the Purchase Agreement.

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth in the Purchase Agreement, the parties hereto hereby agree as follows:

1.      Conveyance of Permits.  Sellers hereby convey, transfer and assign to Buyer, all of Sellers' right, title and interest in and to the Permits as more particularly set forth on Exhibit A attached hereto, except that such transfer is made only to the extent permitted by applicable law and is subject to the rights and obligations of the Buyer as hereinafter set forth.

2.      Acceptance of Permits.  Buyer hereby accepts the Permits upon the terms and conditions set forth in the Purchase Agreement, and any liabilities and obligations arising and accruing subsequent to the date hereof..

3.      Required Paperwork.  Buyer and Sellers hereby agree to promptly cooperate to file any and all necessary paperwork with the West Virginia Department of Environmental Protection and any other governmental agency having jurisdiction over the property covered by the Permits so that Buyer shall be qualified in all respects to hold and operate under the Permits.

4.      Transfer Period.  Sellers shall retain the Permits in its name for such period as may be necessary to allow Buyer to obtain transfer of the Permits from any applicable governmental agency, and to the extent permitted under applicable law, Buyer or its designees shall have the exclusive right to use each Permit.

5.      Further Assurances.  Buyer shall, from time to time after the delivery of this Permit Agreement, upon reasonable request to the Sellers, and without further consideration, require execution and delivery of such further documents or instruments as may be reasonably required to more effectively evidence and confirm the assignment of the Permits by Sellers as contemplated under the Purchase Agreement.  Sellers shall, from time to time after the delivery of this Permit Agreement, upon reasonable request to Buyer, and without further consideration, execute and deliver such further documents or

instruments as may be reasonably required to more effectively evidence and confirm the retention by Sellers of any Excluded Assets as contemplated under the Purchase Agreement.

6.    <u>Successors Bound</u>. This Permit Agreement shall be binding on and inure to the benefit of the parties hereto and their respective successor and assigns.

7.    <u>Conflict with the Purchase Agreement</u>.   This Permit Agreement is controlled by the terms of the Purchase Agreement, including all of the representations, warranties, covenants, indemnities and agreements set forth in the Purchase Agreement. In the event of a conflict between the terms and conditions of this Permit Agreement and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

8.    <u>Governing Law</u>. This Permit Agreement shall be governed by and construed in accordance with the laws of the State of West Virginia without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of West Virginia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of West Virginia.

9.    <u>Notices</u>. Any notice, request or other document to be given hereunder to any party hereto shall be given in the manner specified in <u>Section 12.2</u> of the Purchase Agreement.  Any party hereto may change its address for receiving notices, requests and other documents by giving written notice of such change to the other parties hereto.

10.    <u>Amendments</u>. This Permit Agreement may not be amended or modified except by an instrument in writing signed by, or on behalf of, Seller and Buyer.

11.    <u>Counterparts</u>. This Permit Agreement may be executed in one or more counterparts, each of which when executed shall be deemed to be an original but all of which together shall constitute one and the same agreement.  Delivery of an executed counterpart of a signature page to this Permit Agreement by facsimile machine or electronic mail (including PDF) shall be treated in all manner and respects as an original contract and shall be considered to have the same binding legal effects as if it were the original signed version thereof delivered in person. No party hereto shall raise the use of a facsimile machine or electronic mail (including PDF) to deliver a signature or the fact that any signature was transmitted or communicated through the use of facsimile machine or electronic mail (including PDF) as a defense to the formation of a contract and each such party forever waives any such defense.

12.    <u>No Third Party Beneficiaries</u>. This Permit Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns, and nothing herein, express or implied, is intended to or shall confer upon any other Person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Permit Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Permit Agreement to be duly executed as of the day and year first above written.

Sellers:

APPALACHIAN FUELS, LLC

By:

Its:

Buyer:

KANAWHA ENERGY COMPANY

By:

Its:  Michael D. Bauersachs,
      Authorized Agent

3

**EXHIBIT A**

## Exhibit A

### HPU/NPDES PERMITS

| Permittee | Type | Permit ID | Issued Date | Facility Name | Current Status |
|---|---|---|---|---|---|
| APPALACHIAN FUELS, LLC | Surface Mine | WV0094226 | 07/01/88 | Boomer Hollow Complex | Renewed |
| APPALACHIAN FUELS, LLC | Surface Mine | WV1002376 | 06/19/90 | BIG CREEK #2 MINE | Renewed |
| APPALACHIAN FUELS, LLC | Surface Mine | WV1009346 | 03/08/90 | ALLOY SURFACE MINE # 2 | Renewed |
| APPALACHIAN FUELS, LLC | Surface Mine | WV1015176[1] | 02/25/00 | FOURMILE FK SURFACE MINE | Renewed |
| APPALACHIAN FUELS, LLC | Surface Mine | WV1021991 | 03/21/07 | Fourmile North Surface Mine | New |
| APPALACHIAN FUELS, LLC | Deep Mine | WV1022351 | 01/30/08 | Jarrett Branch Powellton Deep Mine & Haulroad | New |
| APPALACHIAN FUELS, LLC | Surface Mine | WV0097144 | | | |
| APPALACHIAN FUELS, LLC | Surface Mine | WV1022504 | | Eagle No. 2 Deep Mine | |

### MINING PERMITS

| Permittee | Type | Permit ID | Bond Amount | Facility Name | Current Status |
|---|---|---|---|---|---|
| APPALACHIAN FUELS, LLC. | Other - Haulroad | H063200 | $40,000 | Harewood Strip | Renewed |
| APPALACHIAN FUELS, LLC. | Other | O301907 | $10,000[2] | Jarrett Branch Access Road | New |
| APPALACHIAN FUELS, LLC. | Other | O304391 | $295,000 | BIG CREEK #2 HAULROAD | Renewed |
| APPALACHIAN FUELS, LLC. | Other - Haulroad | O306687 | $26,000 | BIG CREEK HAULROAD | Renewed |

---

[1]  Mitigation Bond in the amount of $480,000 posted by Lyndon

[2]  Cash Bond

| APPALACHIAN FUELS, LLC. | Prospect | P305408 | $4,000[3] | Jarrett Branch Prospect No. 3 | New |
|---|---|---|---|---|---|
| APPALACHIAN FUELS, LLC. | Coal Surface Mine | S300296 | $3,210,480 | FOURMILE FK SURFACE MINE | Renewed |
| APPALACHIAN FUELS, LLC. | Coal Surface Mine | S300691 | $2,251,200 | KANAWHA SERVICES NO. 1 SURFACE | Renewed |
| APPALACHIAN FUELS, LLC. | Coal Surface Mine | S300888 | $321,000 | BIG CREEK STRIP #1 | Renewed |
| APPALACHIAN FUELS, LLC. | Coal Surface Mine | S302605 | $897,600 | Fourmile N Surface Mine | New |
| APPALACHIAN FUELS, LLC. | Coal Surface Mine | S303390 | $1,070,160 | SCRABBLE CREEK #1 | Renewed |
| APPALACHIAN FUELS, LLC. | Coal Surface Mine | S304589 | $3,094,240 | Big Creek Number 2 | Active |
| APPALACHIAN FUELS, LLC. | Coal Surface Mine | S600988 | $988,000 | | Renewed |
| APPALACHIAN FUELS, LLC. | Coal Surface Mine | S602389 | $502,000 | | Renewed |
| APPALACHIAN FUELS, LLC. | Coal Underground | U300504 | $81,000 | Fourmile Deep Mine | New |
| APPALACHIAN FUELS, LLC. | Coal Underground | U300904 | $24,640 | Eagle No. 1 Mine | New |
| APPALACHIAN FUELS, LLC. | Coal Underground | U301290 | $539,840 | | Renewed |
| APPALACHIAN FUELS, LLC. | Coal Underground | U301807 | $11,400[4] | Jarrett Branch Powellton | New |
| APPALACHIAN FUELS, LLC. | Coal Underground | U601289 | $55,000 | Alloy No. 1 Deep | Renewed |
| APPALACHIAN FUELS, LLC | Coal Underground | U300808 | $58,250[5] | Eagle No. 2 Deep Mine | Pending/Tech Correction Requested |
| APPALACHAIN FUELS, LLC | Coal Underground | U300896 | $150,000 | Upper Winifrede Deep Mine | Inactive |

---

[3] Cash Bond

[4] Cash Bond

[5] Anticipated Bond Amount

Permit Transition Agreement

## ASSIGNMENT OF RELATED AGREEMENTS

THIS ASSIGNMENT OF RELATED AGREEMENTS (this "Assignment of Related Agreements") is entered into and effective as of the 30th day of September, 2009, by and between A. T. Massey Coal Company, Inc. ("Massey"), a Virginia corporation, and Kanawha Energy Company ("Kanawha Energy"), a West Virginia corporation, and Boone East Development Company ("Boone East"), a West Virginia corporation (jointly, Kanawha Energy and Boone East, "Assignee"). Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Purchase Agreement (hereinafter defined).

WHEREAS, Appalachian Fuels, LLC, along with certain related entities, and A. T. Massey Coal Company, Inc. are parties to an Asset Purchase Agreement dated as of September 3, 2009 (the "Purchase Agreement"); and

WHEREAS, pursuant to the Purchase Agreement, Massey has the right to assign pursuant to Section 12.6 the Related Agreements to any Affiliate

WHEREAS, the execution and delivery of certain Related Agreements documents are contemplated by the Purchase Agreement, including an Assignment of Contracts, an Assignment of Leases, Permit Agreement, Bill of Sale and certain deeds (collectively, the "Related Agreements").

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth in the Purchase Agreement, the parties hereto hereby agree as follows:

1.    Assignment To Boone East. As of the date hereof, Massey hereby assigns, and Boone East assumes each of the Deeds as contemplated in the Purchase Agreement.

2.    Assignment of Kanawha Energy. As of the date hereof, Massey hereby assigns, and Kanawha Energy hereby assumes all of the other Related Agreements as contemplated in the Purchase Agreement.

3.    Amendments. This Assignment of Related Agreements may not be amended or modified except by an instrument in writing signed by, or on behalf of, Massey and Assignee.

4.    Governing Law. This Assignment of Related Agreements shall be governed by and construed in accordance with the laws of the State of West Virginia without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of West Virginia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of West Virginia.

5.    No Third Party Beneficiaries. This Assignment of Related Agreements shall inure to the benefit of and be binding upon the parties hereto and their respective

*Assignment of Contracts*

1

successors and assigns, and nothing herein, express or implied, is intended to or shall confer upon any other Person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Assignment of Related Agreements.

IN WITNESS WHEREOF, the parties hereto have caused this Assignment of Contracts to be duly executed as of the day and year first above written.

A. T. Massey Coal Company, Inc.

By: _____
    Michael D. Bauersachs

Its:    Vice President

Kanawha Energy Company

By: _____
    Michael D. Bauersachs

Its:    Authorized Agent

Boone East Development Company

By: _____
    Michael D. Bauersachs

Its:    Authorized Agent

After recordation, return to
Lewis Glasser Casey & Rollins PLLC
PO Box 1746
Charleston, West Virginia 25326

---

**THIS QUITCLAIM DEED** is made and entered into this 30th day of September, 2009, by and between **Appalachian Land Company**, a West Virginia corporation, party of the first part; and **Appalachian Fuels, LLC**, a Kentucky limited liability company, party of the second part.

### W I T N E S S E T H:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which is hereby acknowledged, the party of the first part does hereby **GRANT** and **CONVEY** unto the party of the second part all the surface of that certain lot, tract or parcel of land, together with the improvements thereon and the appurtenances thereunto belonging, situate in, Fayette County, West Virginia, and being more particularly described on <u>Exhibit A</u> attached hereto and made a part hereof.

This conveyance is made **SUBJECT TO** such covenants, conditions, restrictions, reservations, easements and rights of way as set forth or referred to in the deed to the party of the first part as referenced above, as appear in the chain of title, and any customary rights of way and easements on the ground or established by use.

This conveyance is further made **SUBJECT TO** the *ad valorem* real estate taxes for the year 2009, which shall be prorated on a calendar year basis between the party of the first part and the party of the second part; and all subsequent years.

Reference is hereby made to the foregoing instruments, maps, plats, declarations and such other instruments recorded in the Clerk's office, for a further and more particular description of the real property conveyed hereby, and for a description of the rights, interests, duties and obligations of the party of the second part, its successors and assigns.

**DECLARATION OF RESIDENCY:** The undersigned party of the first part hereby declares that it is a resident entity of the State of West Virginia for the purposes of West Virginia Code § 11-21-71b, as amended, at the time of the transfer of the property completed hereby.

**DECLARATION OF CONSIDERATION OR VALUE:** The party of the first part as grantor does hereby declare that the consideration for the real property hereby conveyed is $1.00

**WITNESS** the following signature and seal:

APPALACHAIN LAND COMPANY

By: _~~James H. Frazier~~_

Its: _~~Chief Liquidating Officer~~_

STATE OF _Kentucky_ ,

COUNTY OF _Fayette_ , **to-wit:**

The foregoing instrument was acknowledged before me this 30th day of September, 2009, by _James H. Frazier III_ , the duly authorized officer of _Appalachian Land Co._, a _CLO_ , by and for the _company_.

My commission expires: _11-2-11_ .

_Notary Public_

The foregoing instrument was prepared by Ann Starcher, Esq., Lewis Glasser Casey & Rollins PLLC, P. O. Box 1746, Charleston, W. Va., 25326.

**EXHBIT A**

| Description- Location | Ticket | Book | Page | Map | Par |
|---|---|---|---|---|---|
| Fee .474/Boomer Br. | 6330712 | 457 | 261 | 29 | 3 |