**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| APPALACHIAN FUELS, LLC et al. | CASE NO. 09-10343 |
| DEBTORS | JOINTLY ADMINISTERED[1] |

### REPORT OF CLOSING OF SALE NO. 3 - DANTE COMPLEX TO MASSEY

Notice is hereby given by the Debtors that on November 13, 2009, the Debtors did close the Sale No. 3 of the Dante Complex in West Virginia to A.T. Massey Coal Co. as approved by this Court in Sale Order No. 3 (Doc. No. 728) and the copies of the Closing Documents are attached hereto and incorporated herein by this reference.

                    **BUNCH & BROCK**

                    BY:    /s/ W. Thomas Bunch
                             **W. THOMAS BUNCH**
                             805 Security Trust Building
                             271 West Short Street
                             Lexington, Kentucky 40507
                             (859) 254-5522
                             (859) 233-1434 FAX

                    ATTORNEYS FOR DEBTORS

---

[1] The case being jointly administered with Appalachian Fuels, LLC, Case No. 09-10343 include: Appalachian Holding Company, Inc., Case No. 09-10372, Appalachian Premium Fuels, LLC, Case No. 09-10373, Appalachian Environmental, LLC, Case No. 09-10374, Kanawha Development Corporation, Case No. 09-10375, Appalachian Coal Holdings, Inc., Case No. 09- 10405 and Southern Eagle Energy, LLC, Case No. 09-10406.

AppalachianFuels\Report of Closing (Dante Complex-Massey)

## CERTIFICATE OF SERVICE

      This is to certify that on this the 16th day of November, 2009, a true and correct copy of the foregoing was served electronically by the Clerk of the Bankruptcy Court in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, U.S. Trustee and all attorneys of record, and by e-mail upon Master Service List No. 1 (Doc. No. 235) and by mail, postage prepaid, upon:

Morgan H. Lyons
Hilda S. Lyons
402 Locust Avenue
Philippi, WV 26416

Badger Coal Company
PO Box 456
Philippi, WV 26416

Mike Ross, Inc.
(Kaemmerling Lease)
PO Box 173
Coalton, WV 26257

Mike Ross, Inc.
Box 219
Coalton, WV 26257

Charles E. and Julia Compton
1275 Stout Street
Bridgeport, WV 26330

Grafton Coal Company
(Charles E. and Julia Compton Lease)
PO Box 1050
Bridgeport, WV 26330

Lucille Chesser
c/o Morgan Lyons
402 Locust Avenue
Philippi, WV 26416

Dante Coal Company
Drawer 1560
Richlands, Virginia 24641

Josephine Simpson (successor to
Willa Kemper Smith, deceased)
212 North Walnut AV
Philippi, WV 26416

   /s/ W. Thomas Bunch
**W. THOMAS BUNCH**

**A.T. Massey Coal Company, Inc. Funds Flow Statement
Transaction to Acquire Dante Mining Complex
from Appalachian Fuels, LLC and Affiliates**

1. CASH INFLOWS TO SELLER:

Purchase Price from A.T. Massey Coal Company, Inc. -   $6,050,000 ($6,100,000 purchase price, less $50,000 for application of deposit*)

**Total Cash Inflow to Seller at Closing -**   $6,050,000

Wire to:
Bank: Central Bank & Trust Co.
Account #:   10511832
ABA #:   042100146
Telephone #:   (859) 253-6160

2. CASH OUTFLOWS FROM SELLER:

**Grafton Coal Company (lease reinstatement and cure) -**
Lease Reinstatement -   $625,000.00
Cure Payment -   $54,000.00
Taxes -   $1,934.38
Total -   $681,534.38

Wire to:
Bank: Chase Bank
Account #:   610023175
ABA #:   051900366

**Mike Ross (Kaemmerling cure) -**   $20,000.00

**Morgan & Hilda Lyons -**   $7,400.00

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

---

*The $50,000 deposit will be transferred from Bunch & Brock's escrow account to the debtor's account above at closing.

## ASSIGNMENT OF LEASES

This Assignment of Leases (this "Agreement") is made and effective as of November 13, 2009, by and among (i) APPALACHIAN FUELS, LLC, a Kentucky limited liability company, APPALACHIAN RESOURCES, LLC, a Kentucky limited liability company, and KANAWHA DEVELOPMENT CORPORATION, a West Virginia corporation (the "Sellers"), and (ii) KANAWHA ENERGY COMPANY, a West Virginia corporation ("Buyer").

## RECITALS

A. This Agreement is entered into to effect the transactions contemplated by that certain Agreement dated November 9, 2009, by and between Sellers and Buyer (the "Agreement"). Capitalized terms used herein but not otherwise defined shall have the meaning given to them in the Agreement.

B. One or more of the Sellers is a party to the Leases described on Schedule 1 attached hereto and incorporated herein by reference ("Leases").

C. The Sellers desire to assign to the Buyer, and the Buyer desires to assume, all of the Sellers' right, title and interest in and to the Leases, pursuant to the terms of the Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Assignment. The Sellers assign, transfer and set over unto Buyer all of Sellers' right, title, interest in, to and under the Leases.

2. Assumption. The Buyer assumes all of Sellers' rights, title, interest, duties and obligations in, to and under the Leases and agrees to be bound by all of the terms and conditions of the Leases and agrees to pay, perform and discharge, all duties and obligations of the Sellers under the Leases that arise on or after the date hereof, subject to the conditions and limitations in the Agreement and the Sale Order.

3. Conflict. This Agreement is subject to all the terms and conditions of the Agreement. No provision of this Agreement shall be deemed to enlarge, alter or amend the terms or provisions of the Agreement. Notwithstanding anything to the contrary set forth herein, if there is any conflict between the terms and conditions of this Agreement and the terms and conditions of the Agreement, the terms and conditions of the Agreement shall control.

4. Governing Law. This Agreement shall be governed by and construed according to the laws of the Commonwealth of Kentucky without regard to or application of its conflict of laws rules.

5. Counterparts. This Agreement may be executed in one or more counterparts (including by means of facsimile or e-mail signature pages) and all such counterparts taken together shall constitute one and the same Agreement.

1

6. *Severability*. If any provision of this Agreement or its application will be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of all other applications of that provision, and of all other provisions and applications hereof, will not in any way be affected or impaired. If any court shall determine that any provision of this Agreement is in any way unenforceable, such provision shall be reduced to whatever extent is necessary to make such provision enforceable.

7. *Entire Agreement*. All prior negotiations and agreements by and among the parties hereto with respect to the subject matter hereof are superseded by this Agreement and the Agreement, and there are no representations, warranties, understandings or agreements with respect to the subject matter hereof other than those expressly set forth in this Agreement, the Agreement and the related Agreements.

8. *Headings*. Section headings are not to be considered part of this Agreement, are solely for convenience of reference, and shall not affect the meaning or interpretation of this Agreement or any provision in it.

IN WITNESS WHEREOF, the parties hereto have caused their authorized representatives to execute this Agreement as of the date first set forth above.

**SELLERS:**

APPALACHIAN FUELS, LLC
By: _____
Its: _Chief Liquidation Officer_

APPALACHIAN RESOURCES, LLC
By: _____
Its: _Chief Liquidation Officer_

KANAWHA DEVELOPMENT CORPORATION
By: _____
Its: _Chief Liquidation Officer_

(collectively, the "Sellers")

**BUYER:**

KANAWHA ENERGY COMPANY

By: _____

Its: _____

2

("Buyer")

STATE OF _KENTUCKY_,

COUNTY OF _FAYETTE_, to-wit:

Subscribed and sworn before me by _JAMES H. FRAZIER III_, as _CHIEF LIQUIDATING OFFICER_, on behalf of Appalachian Fuels, LLC on this 13th day of November, 2009.

_[signature]_
Notary Public

My commission expires: _8-14-2011_.


STATE OF _KENTUCKY_,

COUNTY OF _FAYETTE_, to-wit:

Subscribed and sworn before me by _JAMES H. FRAZIER III_, as _CHIEF LIQUIDATING OFFICER_, on behalf of Appalachian Resources, LLC on this 13th day of Novmeber, 2009.

_[signature]_
Notary Public

My commission expires: _8-14-2011_.


STATE OF _KENTUCKY_,

COUNTY OF _FAYETTE_, to-wit:

Subscribed and sworn before me by _JAMES H. FRAZIER III_, as _CHIEF LIQUIDATING OFFICER_, on behalf of Kanawha Development Corporation on this 13th day of November, 2009.

_[signature]_
Notary Public

My commission expires: _8-14-2011_.

3

6. **Severability.** If any provision of this Agreement or its application will be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of all other applications of that provision, and of all other provisions and applications hereof, will not in any way be affected or impaired. If any court shall determine that any provision of this Agreement is in any way unenforceable, such provision shall be reduced to whatever extent is necessary to make such provision enforceable.

7. **Entire Agreement.** All prior negotiations and agreements by and among the parties hereto with respect to the subject matter hereof are superseded by this Agreement and the Agreement, and there are no representations, warranties, understandings or agreements with respect to the subject matter hereof other than those expressly set forth in this Agreement, the Agreement and the related Agreements.

8. **Headings.** Section headings are not to be considered part of this Agreement, are solely for convenience of reference, and shall not affect the meaning or interpretation of this Agreement or any provision in it.

IN WITNESS WHEREOF, the parties hereto have caused their authorized representatives to execute this Agreement as of the date first set forth above.

**SELLERS:**

APPALACHIAN FUELS, LLC

By:_____

Its:_____

APPALACHIAN RESOURCES, LLC

By:_____

Its:_____

KANAWHA DEVELOPMENT CORPORATION

By:_____

Its:_____

(collectively, the "Sellers")

**BUYER:**

KANAWHA ENERGY COMPANY

By: _[signature]_

Its: _Authorized Agent_

2

STATE OF ___West Virginia___

COUNTY OF ___Kanawha___, to-wit:

Subscribed and sworn before me by ___Michael D. Bavesacki___ as ___Authorized Agent___ on behalf of Kanawha Energy Company on this 13th day of November, 2009.

___Dawn E. Carpenter___
Notary Public

My commission expires: ___December 9, 2018___

> OFFICIAL SEAL
> NOTARY PUBLIC
> STATE OF WEST VIRGINIA
> DAWN E. CARPENTER
> 754 CAMPBELLS CREEK DR, CHARLESTON, WV 25306
> MY COMMISSION EXPIRES DECEMBER 9, 2018

## Schedule 1

(Leases)

1. Lease dated October 17, 1978, by and between Morgan H. Lyons and Hilda S. Lyons and Badger Coal Company, as supplemented, amended and assigned.

2. Lease dated February 20, 1979, by and between Morgan H. Lyons and Hilda S. Lyons and Badger Coal Company, as supplemented, amended and assigned.

3. Agreement of Lease dated April 25, 1955, by and between S. M. Kaemmerling and Badger Coal Company, as supplemented, amended and assigned.

4. Lease dated August 2, 1978, by and between Chas. E. Compton and Julia C. Compton and Badger Coal Company, as supplemented, amended and assigned.

5. Lease dated August 2, 1978, by and between Chas. E. Compton and Julia C. Compton and Badger Coal Company, as supplemented, amended and assigned.

6. Lease dated April 4, 1977, by and between Lucille C. Chesser and Badger Coal) Company, as supplemented, amended and assigned.

7. Lease dated September 21, 1966, with Willa Kemper Smith involving a 213 a. parcel, which interest is now in one or more of the Sellers.

## PERMIT AGREEMENT

THIS PERMIT AGREEMENT ("Permit Agreement") is entered into and effective as of the 13th day of November, 2009, by and between APPALACHIAN ENVIRONMENTAL, LLC ("Seller") and KANAHWA ENERGY COMPANY ("Buyer"). Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Purchase Agreement (hereinafter defined).

WHEREAS, Seller and A. T. Massey Coal Company, Inc., the parent company of Buyer, are parties to an Asset Purchase Agreement dated as of November 9, 2009 (the "Purchase Agreement"); and

WHEREAS, the execution and delivery of this Permit Agreement is contemplated by the Purchase Agreement.

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth in the Purchase Agreement, the parties hereto hereby agree as follows:

1. **Conveyance of Permits.** Seller hereby conveys, transfers and assigns to Buyer, all of Seller's right, title and interest in and to the Permits, except that such transfer is made only to the extent permitted by applicable law and is subject to the rights and obligations of the Buyer as hereinafter set forth.

2. **Acceptance of Permits.** Buyer hereby accepts the Permits upon the terms and conditions set forth in the Purchase Agreement, and any liabilities and obligations arising and accruing subsequent to the date hereof..

3. **Required Paperwork.** Buyer and Seller hereby agree to promptly cooperate to file any and all necessary paperwork with the West Virginia Department of Environmental Protection and any other governmental agency having jurisdiction over the property covered by the Permits so that Buyer shall be qualified in all respects to hold and operate under the Permits.

4. **Transfer Period.** Seller shall retain the Permits in its name for such period as may be necessary to allow Buyer to obtain transfer of the Permits from any applicable governmental agency, and to the extent permitted under applicable law, Buyer or its designees shall have the exclusive right to use each Permit.

5. **Further Assurances.** Buyer shall, from time to time after the delivery of this Permit Agreement, upon reasonable request to the Seller, and without further consideration, require execution and delivery of such further documents or instruments as may be reasonably required to more effectively evidence and confirm the assignment of the Permits by Seller as contemplated under the Purchase Agreement. Seller shall, from time to time after the delivery of this Permit Agreement, upon reasonable request to Buyer, and without further consideration, execute and deliver such further documents or instruments as may be reasonably required to more effectively evidence and confirm the

retention by Seller of any Excluded Assets as contemplated under the Purchase Agreement.

6. <u>Successors Bound</u>. This Permit Agreement shall be binding on and inure to the benefit of the parties hereto and their respective successor and assigns.

7. <u>Conflict with the Purchase Agreement</u>. This Permit Agreement is controlled by the terms of the Purchase Agreement, including all of the representations, warranties, covenants, indemnities and agreements set forth in the Purchase Agreement. In the event of a conflict between the terms and conditions of this Permit Agreement and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

8. <u>Governing Law</u>. This Permit Agreement shall be governed by and construed in accordance with the laws of the State of West Virginia without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of West Virginia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of West Virginia.

9. <u>Notices</u>. Any notice, request or other document to be given hereunder to any party hereto shall be given in the manner specified in the Purchase Agreement. Any party hereto may change its address for receiving notices, requests and other documents by giving written notice of such change to the other parties hereto.

10. <u>Amendments</u>. This Permit Agreement may not be amended or modified except by an instrument in writing signed by, or on behalf of, Seller and Buyer.

11. <u>Counterparts</u>. This Permit Agreement may be executed in one or more counterparts, each of which when executed shall be deemed to be an original but all of which together shall constitute one and the same agreement. Delivery of an executed counterpart of a signature page to this Permit Agreement by facsimile machine or electronic mail (including PDF) shall be treated in all manner and respects as an original contract and shall be considered to have the same binding legal effects as if it were the original signed version thereof delivered in person. No party hereto shall raise the use of a facsimile machine or electronic mail (including PDF) to deliver a signature or the fact that any signature was transmitted or communicated through the use of facsimile machine or electronic mail (including PDF) as a defense to the formation of a contract and each such party forever waives any such defense.

12. <u>No Third Party Beneficiaries</u>. This Permit Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns, and nothing herein, express or implied, is intended to or shall confer upon any other Person any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Permit Agreement.

*[The remainder of this page is left intentionally blank.]*

IN WITNESS WHEREOF, the parties hereto have caused this Permit Agreement to be duly executed as of the day and year first above written.

Seller:

APPALCHAIN ENVIRONMENTAL, LLC

By: _____

Its: _____Chief Liquidating Officer_____

Buyer:

KANAWHA ENERGY COMPANY

By: _____

Its: _____

IN WITNESS WHEREOF, the parties hereto have caused this Permit Agreement to be duly executed as of the day and year first above written.

Seller:

APPALCHAIN ENVIRONMENTAL, LLC

By: _____

Its: _____


Buyer:

KANAWHA ENERGY COMPANY

By: *[signature: Michael J. Buenzochi]*

Its: *Authorized Agent*