**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION**

IN RE:                                                                                      CHAPTER 11

APPALACHIAN FUELS, LLC et al.                                  CASE NO. 09-10343

       DEBTORS                                                       JOINTLY ADMINISTERED[1]

**<u>REPORT OF CLOSING OF SALE NO. 4
BENT MOUNTAIN - BEVINS BRANCH TO GREENTHORN, LLC</u>**

Notice is hereby given by the Debtors that on December 23, 2009, the Debtors did close the Sale No. 4 of the Bent Mountain - Bevins Branch in Kentucky to Greenthorn, LLC, Assignee of New London Tobacco Market, Inc. as approved by this Court in Sale Order No. 4 (Doc. No. 699) and Amendment to Sale Order No. 4 (Doc. No. 849) and the copies of the Closing Documents are attached hereto and incorporated herein by this reference.

                                                      **BUNCH & BROCK**

                                    BY:     /s/ W. Thomas Bunch
                                                **W. THOMAS BUNCH**
                                                805 Security Trust Building
                                                271 West Short Street
                                                Lexington, Kentucky 40507
                                                (859) 254-5522
                                                (859) 233-1434 FAX

                                 ATTORNEYS FOR DEBTORS

---

[1] The case being jointly administered with Appalachian Fuels, LLC, Case No. 09-10343 include: Appalachian Holding Company, Inc., Case No. 09-10372, Appalachian Premium Fuels, LLC, Case No. 09-10373, Appalachian Environmental, LLC, Case No. 09-10374, Kanawha Development Corporation, Case No. 09-10375, Appalachian Coal Holdings, Inc., Case No. 09- 10405 and Southern Eagle Energy, LLC, Case No. 09-10406.

AppalachianFuels\Report of Closing (Sale No 4)

## CERTIFICATE OF SERVICE

  This is to certify that on this the 23rd day of December, 2009, a true and correct copy of the foregoing was served electronically by the Clerk of the Bankruptcy Court in the method established under CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, U.S. Trustee and all attorneys of record, and by e-mail upon Master Service List No. 1 (Doc. No. 235), William G. Brownlow and R. Culver Schmid.

                  /s/ W. Thomas Bunch
                  **W. THOMAS BUNCH**

## BILL OF SALE

This Bill of Sale (this "Bill of Sale"), dated as of December 23, 2009, is between (i) Appalachian Fuels, LLC (the "Seller"), and (ii) Greenthorn, LLC (the "Buyer").

This Bill of Sale is being entered into to effect the transactions contemplated by the Asset Purchase Agreement, dated as of October 21, 2009, as amended by Assignment and Assumption of Purchase Agreement dated October 30, 2009 as amended by Letter Agreement dated October 29, 2009, as further amended by Second Amendment to Asset Purchase Agreement dated November 30, 2009 (collectively the "Agreement"), between the Buyer and the Seller.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Definitions. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Agreement.

2. Sale and Assignment. Pursuant to the Agreement, the Seller does hereby unconditionally and irrevocably sell, grant, convey, transfer, assign and deliver to the Buyer as of the date hereof in accordance with and subject to the terms of the Agreement, all of its right, title and interest in, to and under all of the Purchased Assets, except those transferred pursuant to the other Related Agreements.

3. Conflict. This Agreement is subject to all the terms and conditions of the Agreement. No provision of this Bill of Sale shall be deemed to enlarge, alter or amend the terms or provisions of the Agreement. Notwithstanding anything to the contrary set forth herein, if there is any conflict between the terms and conditions of this Bill of Sale and the terms and conditions of the Agreement, the terms and conditions of the Agreement shall control.

4. Binding Effect. This Bill of Sale shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

5. Counterparts. This Bill of Sale may be executed in one or more counterparts (including by means of facsimile signature pages) and all such counterparts taken together shall constitute one and the same agreement.

6. Governing Law. This Bill of Sale shall be governed by and construed according to the laws of the Commonwealth of Kentucky, without regard to or application of its conflict of laws rules.

7. Entire Agreement. All prior negotiations and agreements by and among the parties hereto with respect to the subject matter hereof are superseded by this Bill of Sale, the Agreement, and the other Related Agreements, and there are no representations, warranties, understandings or agreements with respect to the subject matter hereof other than those expressly set forth in this Bill of Sale, the Agreement and the other Related Agreements.

8. <u>Headings</u>. Section headings are not to be considered part of this Bill of Sale, are solely for convenience of reference, and shall not affect the meaning or interpretation of this Bill of Sale or any provision in it.

IN WITNESS WHEREOF, the parties hereto have caused their authorized representatives to execute this Bill of Sale as of the date first set forth above.

**SELLER:**   APPALACHIAN FUELS, LLC

By: _[signature]_
Title: _Chief Liquidity Officer_

**BUYER:**   GREENTHORN, LLC

By: _[signature]_
Title: _MANAGING MEMBER_

## FUNDS FLOW STATEMENT

SELLER: APPALACHIAN FUELS, LLC

PURCHASER: GREENTHORN, LLC

PROPERTY: BENT MOUNTAIN AND BEVINS BRANCH MINING COMPLEXES

CLOSING DATE: December 23, 2009

CLOSING AGENT: MCBRAYER, MCGINNIS, LESLIE & KIRKLAND, PLLC

---

I. PURCHASE PRICE AND PRORATIONS

| | |
|---|---|
| Purchase Price | $400,000.00 |
| Earnest Money | ($400,000.00) |
| Total Cure Amounts (for active leases only) | $50,657.00 |
| a. Pike County Fiscal Court Cure -$34,035.00 | |
| b. Donald Hunt Cure- $4,655.00 | |
| c. Jeremy Robinette Cure-$11,967.00 | |
| **BALANCE DUE SELLER** | **$50,657.00** |

II. DISBURSEMENTS ON BEHALF OF SELLER

| | |
|---|---|
| Balance Due Seller | $50,657.00 |
| Earnest Money | $400,000.00 |
| **TOTAL DUE SELLER** | **$450,657.00** |

III. DISBURSED ON BEHALF OF PURCHASER

| | |
|---|---|
| Balance Due Seller | $50,657.00 |
| Kentucky State Treasury | $3,000.00 |
| a. Permit No. 898-0785 transfer fee- $750.00 | |
| b. Permit No.898-0786 transfer fee- $750.00 | |
| c. Permit No. 898-0787 transfer fee- $750.00 | |
| d. Permit No. 898-0698 transfer fee- $750.00 | |
| **DUE FROM PURCHASER** | **$ 53,657.00** |

---

## SPECIAL STIPULATIONS

1. Seller and Purchaser hereby acknowledge that $400,000 in Earnest Money was previously delivered to Tom Bunch, Esq. in connection with execution of that certain Asset Purchase Agreement dated October 1, 2009, as amended, by and between Purchaser (as assignee of The New London Tobacco Market, Inc.) and Seller (as amended, the "Contract"). Seller and Purchaser agree the $400,000 in Earnest Money shall be released to Seller and applied to the Purchase Price due to Seller.

2. The parties hereto have this date checked, reviewed and approved the figures appearing on this Funds Flow Statement, and each acknowledge receipt of a copy of same. Purchaser and Seller hereby affirm that this Funds Flow Statement is a complete, true and correct account of the terms of the purchase and sale consummated on this date. The parties hereto hereby further authorize and direct McBrayer, McGinnis, Leslie & Kirkland, PLLC ("Closing Agent") to make disbursements in accordance herewith.

3. These fees are the fees estimated to exist by the Closing Date. Additional fees (if any) will be paid by invoice delivered post closing.

4. The transfer fees due to Kentucky Division of Mining Permits for transfer of the permits are estimated costs. If the actual and transfer fees exceed the estimates stated herein, the Purchaser agrees to pay all additional fees by invoice delivered post closing.

5. Purchaser shall cause the wiring of $53,657.00 to Closing Agent on or before 2:00 p.m. EST on the Closing Date pursuant to the following wiring instructions:

   **Central Bank & Trust Co.**
   **Account #: 10511832**
   **ABA Routing #: 042100146**
   **Telephone #: (859) 253-6160**

6. The Closing Agent is authorized to make the following disbursements:

   | | | |
   |---|---|---|
   | i. | Kentucky State Treasury | $ 3,000.00 |
   | ii. | Appalachian Fuels, LLC | $50,657.00 |

(Signatures Begin on Following Page)

The undersigned execute this Settlement Statement as of the day and year first written above.

SELLER

APPALACHIAN FUELS, LLC

By: *(signature)*
James H. Frazier, III, Esq
Its: Chief Liquidating Officer


PURCHASER

GREENTHORN, LLC

By: *(signature)*
William G. Brownlow IV
Its: Managing Member

## **ASSIGNMENT OF LEASES**

This Assignment of Leases (this "Agreement"), dated as of December 23, 2009, is between (i) Appalachian Fuels, LLC ("Assignor"), and (ii) Greenthorn, LLC ("Assignee").

## RECITALS

A.  This Agreement is entered into to effect the transactions contemplated by the Asset Purchase Agreement dated October 21, 2009 as amended by Assignment and Assumption of Purchase Agreement dated October 30, 2009 as amended by Letter Agreement dated October 29, 2009, as further amended by Second Amendment to Asset Purchase Agreement dated November 30, 2009 (collectively the "Purchase Agreement") to which Assignor and Assignee are parties. Capitalized terms used herein but not otherwise defined herein shall have the meanings given to them in the Purchase Agreement.

B.  Assignor is a party to the Leases.

C.  Assignor desires to assign to Assignee, and Assignee desires to assume, all of Assignor's right, title, and interest in and to the Leases.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  Assignment. Assignor hereby assigns, transfers, and sets over unto Assignee all of its right, title, interest, duties, and obligations in, to, and under the Leases.

2.  Assumption. Assignee hereby assumes all of Assignor's right, title, interest, duties and obligations in, to and under the Leases arising after the Closing Date and agrees to be bound by all of the terms and conditions of the Leases and agrees to pay, perform and discharge, all duties and obligations of Assignor under the Leases arising after the Closing Date.

3.  Conflict. This Agreement is subject to all the terms and conditions of the Purchase Agreement. No provision of this Agreement shall be deemed to enlarge, alter or amend the terms or provisions of the Purchase Agreement. Notwithstanding anything to the contrary set forth herein, if there is any conflict between the terms and conditions of this Agreement and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall control.

4.  Governing Law. This Agreement shall be governed by and construed according to the laws of the Commonwealth of Kentucky without regard to or application of its conflict of laws rules.

5.  Counterparts. This Agreement may be executed in one or more counterparts (including by means of facsimile or e-mail signature pages) and all such counterparts taken together shall constitute one and the same Agreement.

6.  Severability. If any provision of this Agreement or its application will be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of all other applications of that provision, and of all other provisions and applications hereof, will not in any way be affected or impaired. If any court shall determine that any provision of this Agreement is

in any way unenforceable, such provision shall be reduced to whatever extent is necessary to make such provision enforceable.

7.     Entire Agreement. All prior negotiations and agreements by and among the parties hereto with respect to the subject matter hereof are superseded by this Agreement, the Purchase Agreement and the Related Agreements, and there are no representations, warranties, understandings or agreements with respect to the subject matter hereof other than those expressly set forth in this Agreement, the Purchase Agreement and the Related Agreements.

8.     Headings. Section headings are not to be considered part of this Agreement, are solely for convenience of reference, and shall not affect the meaning or interpretation of this Agreement or any provision in it.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the parties hereto have caused their authorized representatives to execute this Agreement as of the date first set forth above.

**ASSIGNOR:**                APPALACHIAN FUELS, LLC

                             By: _[signature]_____

                             Its: _Chief Liquidating Officer_


**ASSIGNEE:**                GREENTHORN, LLC

                             By: _[signature]_____

                             Its: _MANAGING MEMBER_____

**ASSUMPTION OF LIABILITIES**

This Assumption of Liabilities (this "Agreement"), dated as of December 23, 2009, is between (i) Appalachian Fuels, LLC (the "Seller"), and (ii) Greenthorn, LLC (the "Buyer").

RECITALS

A. This Agreement is being entered into to effect the transactions contemplated by the Asset Purchase Agreement dated October 21, 2009, as amended by Assignment and Assumption of Purchase Agreement dated October 30, 2009 as amended by Letter Agreement dated October 29, 2009, as further amended by Second Amendment to Asset Purchase Agreement dated November 30, 2009 (collectively the "Purchase Agreement") to which the Buyer and the Seller are parties. Capitalized terms used herein but not otherwise defined herein shall have the meanings given to them in the Purchase Agreement.

B. The Buyer desires to acknowledge and assume all obligations, covenants and responsibilities of the Seller related to the Assumed Liabilities, pursuant to the terms and conditions of the Purchase Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. <u>Acknowledgment and Assumption</u>. The Buyer hereby assumes and agrees to pay, perform and discharge, the Assumed Liabilities.

2. <u>Conflict</u>. This Agreement is subject to all the terms and conditions of the Purchase Agreement. No provision of this Agreement shall be deemed to enlarge, alter or amend the terms or provisions of the Purchase Agreement. Notwithstanding anything to the contrary set forth herein, if there is any conflict between the terms and conditions of this Agreement and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall control.

3. <u>Governing Law</u>. This Agreement shall be governed by and construed according to the laws of the Commonwealth of Kentucky without regard to or application of its conflict of laws rules.

4. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts (including by means of facsimile or e-mail signature pages) and all such counterparts taken together shall constitute one and the same Agreement.

5. <u>Entire Agreement</u>. All prior negotiations and agreements by and among the parties hereto with respect to the subject matter hereof are superseded by this Agreement, the Purchase Agreement and the Related Agreements, and there are no representations, warranties, understandings or agreements with respect to the subject matter hereof other than those expressly set forth in this Agreement, the Purchase Agreement and the Related Agreements.

6. <u>Headings</u>. Section headings are not to be considered part of this Agreement, are solely for convenience of reference, and shall not affect the meaning or interpretation of this Agreement or any provision in it.

IN WITNESS WHEREOF, the parties hereto have caused their authorized representatives to execute this Agreement as of the date first set forth above.

**SELLER:**                         APPALACHIAN FUELS, LLC

By: _/s/ James R. Fallwell_____
Name: _James R. Fallwell_____
Title: _Chief Liquidity Officer___

**BUYER:**                          GREENTHORN, LLC

By: _/s/ William G. Brownlow____
Name: _WILLIAM G. BROWNLOW_____
Title: _MANAGING MEMBER_____

S-1