UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:

APPALACHIAN FUELS, LLC, et. al.           CASE NO. 09-10343
                                          CHAPTER 11
    DEBTORS
                                          JOINTLY ADMINISTERED[1]

**AGREED ORDER AUTHORIZING RETENTION OF DIAMOND McCARTHY LLP
AS SPECIAL LITIGATION COUNSEL FOR RELATED PARTY CLAIMS**

Appalachian Fuels, LLC, et al., as Debtors and Debtors-in-Possession in the above-referenced Chapter 11 bankruptcy cases (hereinafter, the "Debtors"), having moved the Court for an order pursuant to Code §§ 327, 328, 329, 330, 503(b), 504 and 507(a)(1) and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to retain, employ and compensate Diamond McCarthy LLP ("Attorneys") as Special Litigation Counsel ("Motion") (Doc. No. 854) to pursue the Estates' Related Parties Claims as defined in the Motion and the Unsecured Creditors' Committee ("Committee") having approved of the Attorneys' retention but having filed its Limited Response requesting clarification of the terms of said retention [Doc. No. 861] and the parties hereto being in agreement and the Court having considered the record and determined that said retention is in the best interests of the within Estates and notice of the Motion being sufficient under the circumstances, and the Court being sufficiently advised,

IT IS HEREBY ORDERED, as follows:

---

[1] The cases being jointly administered with Appalachian Fuels, LLC, Case No. 09-10343 include: Appalachian Holding Company, Inc., Case No. 09-10372, Appalachian Premium Fuels, LLC, Case No. 09-10373, Appalachian Environmental, LLC, Case No. 09-10374, Kanawha Development Corporation, Case No. 09-10375, Appalachian Coal Holdings, Inc., Case No. 09-10405 and Southern Eagle Energy, LLC, Case No. 09-10406 (collectively the "Jointly Administered Debtors" and with Appalachian Fuels, LLC, the "Debtors").

1. The Motion is hereby SUSTAINED to the extent set forth herein.

2. The Debtors are hereby authorized, pursuant to Code §§ 327 and 328, to retain the Attorneys, effective as of December 23, 2009 in these Chapter 11 Cases to pursue the Related Parties Claims as defined in the Motion, upon the terms and conditions set forth in the Motion, under a contingency fee/reduced hourly rates set forth in Paragraph 9 of the Motion, which terms are incorporated herein by this reference and which terms shall include the following clarifications with regard to the term "Global Cap" and "litigation recoveries" as used in the Motion:

>   (a) The term "Global Cap" as used in the Motion means a cap on the total funds paid to the Attorneys, which includes both legal fees and payment by the Estates of expenses either directly to third parties (such as experts) or through reimbursements to the Attorneys for advancing such fees. The Global Cap is 33% of all funds actually recovered by the Estate(s) by means of the Attorneys' engagement. To the extent the fees and expenses paid by the Estate(s) exceed the Global Cap, then the Attorneys agree to, and are required to, reimburse the Estate(s) at the conclusion of the litigation to the extent of the excess within thirty (30) days of request. (For example, if the total recovery is $30,000,000 and the total Attorneys hourly fees and associated litigation expenses are $2,000,000, then the Attorneys would be entitled to total compensation of $6.6 million and the Global Cap would have no application. If the total recovery is $2,000,000 and the Attorneys fees and associated litigation expenses are $2,000,000, the Global Cap would be $660,000, and the Estate(s) would be entitled to a prompt refund of $1,340,000.)
>
>   (b) The term "litigation recoveries" or "recoveries" as used in the Motion shall mean funds actually received by the Estate(s) from the claims asserted or litigated by the Attorneys and shall expressly not include reduction in a creditor or defendant's claim except as set forth below;
>
>   (i) if a claim which is reduced or disallowed is a liquidated, non-contingent, non-disputed claim, then the value of the claim reduction/disallowance based on the projected distribution to unsecured creditors may be included in the terms (i) "litigation recoveries" and "recoveries" for the calculation of the "Bonus Component" of Attorneys' compensation and (ii) "Global Cap"; or

     (ii) if a disputed or contingent claim of a defendant in the litigation is reduced or disallowed, then the Attorneys and the Committee or other post-confirmation representative of the Estate(s) shall work together in good faith to value such reduction or disallowance so as to reach an amount that may be included in the terms (i) "litigation recoveries" and "recoveries" for the calculation of the "Bonus Component" of Attorneys' compensation and (ii) "Global Cap". If the value cannot be agreed upon, the issue will be resolved by the Bankruptcy Court upon hearing of the Attorneys fee application(s).

  3. Until confirmation of a Plan herein or pending further order of the Court, the Attorneys shall seek compensation in accordance with the Agreed Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Doc. 334]. After confirmation, the Attorneys shall be compensated in accordance with the applicable provisions set forth in said confirmed Plan.

  4. Any disputes regarding the calculation or allowance of fees to the Attorneys shall be determined by the Bankruptcy Court.

Seen and Agreed To:

BUNCH & BROCK

/s/ W. Thomas Bunch, Esq.
805 Security Trust Building
271 West Short Street, Suite 805
Lexington, KY  40507
Telephone: (859) 254-5522
Facsimile:  (859) 233-1434
COUNSEL FOR DEBTORS

WISE DELCOTTO PLLC

/s/ Tracey N. Wise, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
E-mail:  twise@wisedel.com
COUNSEL FOR OFFICIAL COMMITTEE
OF UNSECURED CREDITORS
OF APPALACHIAN FUELS, LLC

DIAMOND McCARTHY LLP

/s/ Allan B. Diamond, Esq.
Two Houston Center
909 Fannin Street, Suite 1500
Houston, TX  77010

**Pursuant to Local Rule 9022-1 (c) W. Thomas Bunch, Esq., shall cause a copy of this Order to be served on each of the parties listed on the proposed Service List [Doc. No. 235] and shall file with the court a certificate of service of the Order upon such parties, within fourteen (14) days hereof.**

Z:\Clients\Appalachian Fuels LLC\Appalachian Fuels Committee\Pleadings\Diamond McCarthy revised proposed AO of retention 20100115.doc

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Tuesday, January 19, 2010
(jms)**