UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:

APPALACHIAN FUELS, LLC            CASE NO. 09-10343
           CHAPTER 11
     DEBTOR

**LIQUIDATING TRUSTEE'S RESPONSE TO
UNITED STATES DEPARTMENT OF LABOR'S OBJECTION
TO MOTION TO APPROVE FINAL DISTRIBUTION AND CLOSE CASE**

Comes the Liquidating Trustee of the App Fuels Creditors Trust ("the Trustee"), by counsel, and for its Response to the Objection to Liquidating Trustee's Motion to Approve Final Distribution and Close Case (the "Objection") [ECF No. 2692] filed on behalf of the United States Department of Labor (the "DOL"), states as follows:

**FACTUAL BACKGROUND**

1. As the Court is familiar with this long-lived case, the Trustee will limit the additional factual background to the prior involvement of the DOL and why it forecloses the Objection.

2. The DOL filed a proof of claim in this case on March 17, 2011 in the amount of $216,181.30 for Mine Act civil penalties. [Claim No. 437]. The DOL claim was paid in full by a check issued on January 22, 2018, a true copy of which is attached as <u>Exhibit A.</u>

3. Prior to confirmation of a plan in this case, the Debtor sought and obtained a Bar Date Notice which required creditors, including employees and all unsecured creditors, to file a proof of claim by March 21, 2011. [ECF No. 1399]. As referenced in the Objection, numerous

employees filed claims prior to the bar date. As reflected by Exhibit A to the Trustee's Motion to Close the Case, claims of employees have (or soon will be) paid in full. [ECF No. 2677-1].

4. After the Bar Date, on October 12, 2011, the Debtors, Appalachian Fuels, LLC Committee, and the Appalachian Premium Fuels, LLC Committee filed their First Amended Joint Plan of Orderly Liquidation and Distribution (the "Plan") [ECF No. 1862]. On December 9, 2011, the Court held a confirmation hearing regarding the Plan and on December 19, 2011, the Court entered the Agreed Order of Confirmation of Debtors' and Committees' Plan of Orderly Liquidation and Distribution (the "Confirmation Order") [ECF No. 2031].

5. The Plan addressed claims of employees related to wages and benefits, and no objection to the provisions of the Plan were filed or raised by DOL. See Plan, §§ 4.1.8; 4.1.9. The DOL voted in favor of confirmation of the Plan, as reflected by the ballot filed with the Court and attached as Exhibit B.

6. The Plan became effective on January 3, 2012, and no appeal of the order of confirmation was filed by the DOL or any other party.

## RESPONSE

7. The DOL raises no substantive objection to the Trustee's Motion to Close the Case, but alleges that it has "become aware of the existence of potential issues" with regard to laws related to employee wages and benefits, and seeks more time to analyze the record and evaluate the issues.

8. Whatever "potential issues" may have come to the attention of the DOL, it is black-letter law that a confirmed plan binds all parties to its terms. That certainly includes the DOL, as it cast a vote in favor of confirmation and filed a claim which has been paid in full. Stated differently, DOL is bound by the provisions of the confirmed Plan as it relates to the

2

treatment of employee claims (just like the Trustee is), and no additional delays or analysis in this case will change that. The Objection sheds no light on what relief DOL might be able to seek if it is sustained, and the Trustee submits that none could be afforded in light of the binding effect of the confirmed Plan.

9. The Trustee has successfully generated recoveries in this case that will pay timely filed employee claims in full and return a substantial dividend to unsecured creditors. The Trustee regularly received communications from secured creditors asking when payment will be made. Finally, the Trustee's representative is travelling from California to attend the hearing scheduled on the Motion for June 14, 2018, and unsecured creditors should not have to bear the additional cost if he is required to attend yet another hearing.

10. In light of the length of time this case has been pending, the binding effect of the confirmed Plan on the DOL and the best interests of all creditors, the Trustee respectfully requests the Court to overrule the DOL Objection and grant the relief sought in the Motion to Close the Case.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR THE LIQUIDATING
TRUSTEE

## **CERTIFICATE OF SERVICE**

     This document has been filed and served via the Court's ECF filing system on June 13, 2018.

                                      /s/ Dean A. Langdon, Esq.
                                      COUNSEL FOR THE
                                      LIQUIDATING TRUSTEE

\Post-Confirmation\Pleadings\DOL Obj Response V1 20180613.doc